**In re Hubert Nelson CASH, Jr. and April Ann Cash.**

**Bankruptcy No. 84–06335.**

United States Bankruptcy Court,
N.D. Alabama.

Aug. 12, 1985.

M. Douglas Ghee, Anniston, Ala., for debtors.

FINDINGS, CONCLUSIONS, AND ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above-styled case was commenced November 26, 1984, by a joint petition un-

der chapter 13, title 11, United States Code, filed in this Court, and this case is still pending in this Court under said chapter of the bankruptcy statute. The case came before the bankruptcy judge for a hearing upon confirmation of the debtors' plan, on March 26, 1985. Due to an irregularity of employment experienced by one of the debtors and uncertainty of future employment of this debtor, attendant with the debtors' having moved to Panama City, Florida, the bankruptcy judge withheld a final ruling upon the matter of confirming the plan, and the trustee was requested to report at a later date upon the reliability of the debtors' deposits pursuant to the proposed plan.

The case came before the Court for a continued hearing upon the matter of confirming the plan, on July 9, 1985; whereupon, the bankruptcy judge found that the plan was not then proposed in good faith, concluded that the plan could not be confirmed, and announced that confirmation of the plan was refused.

### Findings of Fact

Taking judicial knowledge of the matters appearing of record in the court file for this case, and upon a due consideration thereof, the bankruptcy judge finds the facts as follows:

1. December 19, 1984, was the first day set by the United States trustee, pursuant to Bankruptcy Rule X–1006(a), for the meeting of creditors called, pursuant to 11 U.S.C. § 341(a);

2. With the chapter 13 petition, the debtors filed their Chapter 13 Statement, pursuant to the requirements of Bankruptcy Rule 1007(b) and Official Form No. 10, listing ten debts owed to nine separate creditors, which were there named with their mailing addresses;

3. Neither "Finance One of South Carolina, Inc.," nor "Associates Finance" was included in the list of debts and creditors, but debts owed to these two creditors, respectively, were listed in an amendment which the debtors filed on June 3, 1985, as permitted by the provisions of Bankruptcy Rule 1009; and

4. No proof of claim was filed by either of the latter two creditors in this case except a proof of claim in the sum of $2,062.74 which was tendered for filing by Finance One of South Carolina, Inc., to the clerk of the Court, on June 20, 1985.

### Conclusions by the Court

The impediment to confirmation of this plan began with the debtors' omission of the two debts from the list of debts required in part 12 of the debtors' Chapter 13 Statement, Official Form No. 10. In Bankruptcy Rule 2002(a) and (f), it is required that the clerk or some other person directed by the Court give notice to "all creditors" and certain others of the order for relief, the meeting of creditors, and the time allowed for filing claims pursuant to Bankruptcy Rule 3002. The basic source of the names and addresses of the creditors is, of course, the list filed by the debtor or debtors under part 12 of Official Form No. 10. The omission of a creditor or creditors from this list by the debtor results in a lack of knowledge by the creditor or creditors that the chapter 13 case has been commenced, as well as ignorance of the date of the creditors' meeting and of the last date by which a proof of claim may be filed in the case, unless such knowledge comes to the creditor or creditors by other means. There is no indication of the latter in this case.

When a debtor's omission of a creditor is remedied by an amendment filed in time for the creditor to be notified and to file a proof of claim in the case before the claim's deadline, it may be that no substantial injury to the omitted creditor results from the debtor's having filed an incomplete list of debts and creditors. When, however, tardy listing of a creditor by a debtor prevents the creditor from making a timely filing of a proof of claim, it is obvious that different considerations are presented.

With certain exceptions not applicable here, the provisions of Bankruptcy Rule 3002(c) permit the filing of a proof of claim in a chapter 13 case only within 90 days after the first date set for the meeting of

creditors called pursuant to 11 U.S.C. § 341(a). In the present case, the creditors' meeting having been first set for December 19, 1984, the last day for the filing of a proof of claim fell on March 19, 1985. Bankruptcy Rule 9006(b) deals with enlargement of time periods by action of the Court, but under subpart (3) of part (b) of that rule, the Court may enlarge the time provisions of Rule 3002(c) "only to the extent and under the conditions stated in" the latter rule. This gives no latitude to the Court except in those circumstances unrelated to this case, as previously noted.[1]

As stated, Finance One of South Carolina, Inc., and Associates Finance were not added until an amendment was filed by the debtors on June 3, 1985. Although Bankruptcy Rule 1009 provides that a "Chapter 13 Statement may be amended by the debtor as a matter of course at any time before the case is closed," the failure of the debtors to list these two creditors until long after March 19, 1985, effectively prevented these two creditors from timely filing a proof of claim and deprived them of the opportunity to have an allowed claim as contemplated in 11 U.S.C. §§ 501(a) and 502(a).[2]

In this situation, it might be suggested that the debts owed to these originally-omitted creditors would not be discharged in this case and that, therefore, no substantial harm to the creditors would result from their being prevented from having the opportunity to hold an *allowed* claim in the case. This view would rest upon the relevant portion of 11 U.S.C. § 1328(a) which states that "the court shall grant the debtor a discharge of all debts provided for by the plan" after completion of all payments under the plan. It may very well be that a creditor who is not listed by the debtor in the Chapter 13 Statement in time for the creditor to have a reasonable opportunity to file a proof of claim in the case, within the time required by Bankruptcy Rule

3002(c), would hold a nondischargeable debt, because it could not be reasonably said that it was a debt "provided for by the plan." In short, it would be a strained construction to view the plan as *providing for a debt* owed to a creditor, when the debtor omits the debt and creditor from the Chapter 13 Statement.

Even though it be conceded that the debt would not be subject to the discharge which might be granted to the debtor in such a case, it is easy to conceive of circumstances under which the creditor would still have been seriously prejudiced or injured by the debtor's omission. In the first place, the omitted creditor would not receive any dividend paid under the plan to like creditors holding *allowed* claims but would be prevented from taking independent action for collection of the debt by the automatic stay provided for under 11 U.S.C. § 362(a). At most, the omitted creditor could seek relief from the stay, but the relief might or might not be forthcoming because of the potential interference with the chapter 13 plan which could result from independent collection efforts by the omitted creditor. To qualify for relief under chapter 13, a debtor is required to be "an individual with regular income" or such a person and that person's spouse.[3] By the time that an omitted creditor had obtained relief from the automatic stay or the stay had been terminated by the discharge of the debtor or dismissal or closing of the case,[4] the debtor's "regular income" may have substantially diminished or have vanished.

This basically unfair treatment of a creditor who is denied effective participation in a chapter 13 case by the debtor's intentional or inadvertent omission of the debt and the creditor from the Chapter 13 Statement, until added by an amendment after the creditor has no opportunity or no reasonable opportunity to file a proof of claim

1. *In re Whitten,* 13 BCD 42, 49 B.R. 220 (Bkrtcy. N.D.Al.1985).

2. In the present case the problem outlined may not be remedied by the filing of a proof of claim for a creditor by the debtor, the trustee, or a

codebtor. See 11 U.S.C. § 501(b) and (c) and Bankruptcy Rules 3004 and 3005(a).

3. 11 U.S.C. § 109(e).

4. 11 U.S.C. § 362(c).

in the case, is not compatible with a finding by the Court that the chapter 13 plan is "proposed in good faith," a prerequisite to the Court's confirmation of the plan.[5] Whether this would also be the result if the amendment adding the creditor came in time for the filing of a proof of claim but so late as to prevent the creditor from attending the meeting of creditors—or, in another example, from participating in the hearing on confirmation of the plan—is not a question presented to the Court in this case.

Is, however, this issue of whether the plan is proposed in good faith a *question presented* to the Court in this case? Some may say not. No objection to confirmation of the plan was filed. Not even one creditor appeared or was represented at the continued confirmation hearing; but lack of creditor participation in bankruptcy cases is common. How much participation in a chapter 13 case, beyond tendering to the clerk a proof of one's claim against a debtor, is it reasonable to expect from the holder of an unsecured debt?

Bankruptcy Rule 3020(b)(2), in a fashion similar to 1973 Bankruptcy Rule 13–213(a), provides:

> *(2) Hearing....* If no objection is timely filed, the court may find, without receiving evidence, that the plan has been proposed in good faith and not by any means forbidden by law.

But this provision is obviously permissive and does not purport to dictate what shall be the court's finding on the issue of good faith, when an objection to confirmation is absent.[6] This rule certainly permits its converse—that the court, in the absence of a timely objection, may find (without taking evidence) that the plan has *not* been proposed in good faith.

Confirmation of a chapter 13 plan is not properly conceived of as an action which the bankruptcy judge is to take as a matter of course, when notice has been given, an opportunity for a hearing has been given, and no party in interest has objected to confirmation. The statute mandates that the court hold a confirmation hearing.[7] It is a two-step procedure: (1) notice of the hearing; and (2) the hearing. It is distinctly *not* the three-step procedure referred to in 11 U.S.C. § 102(1): (1) appropriate notice; (2) an appropriate *opportunity* for a hearing; and (3) performance of a proposed act without an actual hearing, if none is requested.

Neither by statute nor by rule is the bankruptcy judge directed to confirm a chapter 13 plan simply because no party in interest objected to confirmation of the plan, as could have been done under the provisions of 11 U.S.C. § 1324. The statutory directive in 11 U.S.C. § 1325(a) is that "the court shall confirm a plan if" it conforms to the six requirements there listed, which requires an inquiry and finding by the court.[8] These requirements are of a different character than the vote against a plan which is now provided for in 11 U.S.C. § 1325(b), and were the basis for the United States Court of Appeals for the Second Circuit to observe that "[e]very Chapter 13 plan is subject to judicial review for 'good faith' and 'feasibility' as a condition of confirmation."[9]

What then is required for the court to find that "the plan has been proposed in good faith"? The United States Court of Appeals for the Eleventh Circuit dealt with the degree to which a debtor's plan proposes to repay creditors as an aspect of "good faith" and endorsed eleven factors which

---

5. 11 U.S.C. § 1325(a)(3).

6. *See In re Williams,* 6 BCD 237, 3 B.R. 728, 1 CBC2d 879 (Bkrtcy.N.D.Ill.1980).

7. 11 U.S.C. § 1324. *In re Martin,* 8 BCD 1023, 17 B.R. 924 (N.D.Ill.1982).

8. *In re Martin,* 8 BCD 1023, 17 B.R. 924 (N.D.Ill. 1982); *In re Williams,* 6 BCD 237, 3 B.R. 728, 1

CBC2d 879 (Bkrtcy.N.D.Ill.1980); *In re Hockaday,* 6 BCD 67, 3 B.R. 254 (Bkrtcy.S.D.Ca.1980); *see In re Fizer,* 5 BCD 1052, 1 B.R. 400, BLD ¶ 67,278, 1 CBC2d 189 (Bkrtcy.S.D.Oh.1979) (dictum).

9. *Regan v. Ross,* 691 F.2d 81, 86 (2d Cir.1982) (9 BCD 1059, 23 B.R. [113] ). *Cf. In re Rimgale,*

had been detailed by the district court below.[10]

The circuit court approved the lower court's observation that the list was not exclusive even in this specific area of the good-faith inquiry and noted that "the accuracy of the plan's statements of debts and expenses and whether any inaccuracies are an attempt to mislead the court" are a factor which "calls for attention." [11]

Holding all of these principles in mind and considering the present case, one must be struck by the fact that the inaccuracy of the debtor's Chapter 13 Statement—prior to its being tardily amended—led to the proposal of a plan under which the degree of repayment to the omitted creditors was zero, compared to 100% for listed creditors who timely filed proofs of claim. Such a plan cannot be found to have been proposed in good faith,[12] even if shrouded by the absence of any formal objection to confirmation.

The following statement concerning the term "good faith," as used in Chapter XI, § 366(4), Bankruptcy Act of 1898,[13] has been cited in at least four opinions from the circuit courts of appeal, when dealing with that term as it is used in chapter 13, § 1325(a)(3): "A comprehensive definition of good faith is not practical. Broadly speaking, the inquiry should be whether or not under the circumstances of the case there has been an abuse of the provisions, purpose or spirit of Chapter XI in the proposal or acceptance of the arrangement." [14] "Good faith" is also defined as follows:

[It] is an intangible and abstract quality with no technical meaning or statutory definition, and it encompasses, among other things, an honest belief, the absence of malice and the absence of design to defraud or to seek an unconscionable advantage, and an individual's personal good faith is [a] concept of his own mind and inner spirit and, therefore, may not conclusively be determined by his protestations alone.... Honesty of intention, and freedom from knowledge of circumstances which ought to put the holder upon inquiry. An honest intention to abstain from taking any unconscientious advantage of another, even through technicalities of law, together with absence of all information, notice, or benefit or belief of facts which render transaction unconscientious. In common usuage this term is ordinarily used to describe that state of mind denoting honesty of purpose, freedom from intention to defraud, and, generally speaking, means being faithful to one's duty or obligation.....[15] To similar intent is the term "bona fide":

In or with good faith; honestly, openly, and sincerely; without deceit or fraud.... Truly; actually; without simulation or pretense. Innocently; in the attitude of trust and confidence; without notice of fraud, etc. Real, actual, genuine, and not feigned....[16]

In Official Form 10, Chapter 13 Statement, part 12b and c, debtors are admonished to list "*all* debts which are or may be secured," and "*all* other debts," not listed in 12a. [emphasis added]. Because of the failure of the debtors to list *all* debts, prior to the untimely amendment of June 3, 1985, the two omitted creditors were foreclosed from an opportunity to file a timely proof of claim [17] and, thereby, from participation

---

669 F.2d 426 (7th Cir.1982) (8 BCD 874, 17 B.R. [31] ).

**10.** *In re Kitchens*, 702 F.2d 885 (11th Cir.1983) (10 BCD 812, 28 B.R. [112] ), *aff'g. In re Kull*, 12 B.R. 654, 5 CBC2d 600 (S.D.Ga.1981).

**11.** 702 F.2d 885, 889. *See In re Estus*, 695 F.2d 311 (8th Cir.1982) [9 BCD 1348, 25 B.R. [112], 7 CBC2d 984].

**12.** *See In re Estus*, 695 F.2d 311, at 317 (8th Cir.1982) [9 BCD 1348, 25 B.R. [53], 7 CBC2d 984].

**13.** Formerly, 11 U.S.C. § 766(4).

**14.** 9 Collier on Bankruptcy ¶ 920, at 319 (14th ed. rel. no. 23, 1975), *cited in In re Kitchens*, 702 F.2d 885, (11th Cir.1983) and cases listed at 888.

**15.** Black's Law Dictionary 623 (5th ed. 1979).

**16.** *Id.* at 160.

**17.** Bankruptcy Rule 3002(c).

in the payments to be made on *allowed* claims. They also were prevented from participation in another substantial aspect of the case—the meeting of creditors prescribed by 11 U.S.C. § 341(a), at which the debtors must submit to examination under oath by creditors or the trustee.[18] Thus, the debtors have also foreclosed the possibility that this or any other plan in this case may be found to have been proposed in good faith.

It is, of course, unnecessary for an expression of opinion to be given upon a similar circumstance which might arise upon failure of a creditor holding a listed debt to receive timely notice, due to a debtor's having stated the creditor's name and address in a fashion inadequate for timely delivery of notice by the postal service.

The debtors here having not reasonably satisfied the bankruptcy judge that the plan is now proposed in good faith, as stated in 11 U.S.C. § 1325(a)(3), confirmation of the plan must be refused. No purpose would be served by granting time for proposal of a modified or new plan.

### Order

In view of the foregoing, it is ORDERED by the Court that confirmation of the debtors' chapter 13 plan in this case is refused, that no additional time is granted to the debtors for filing another plan or a modification of the plan, and that a copy of this order shall be sent through the United States mails to each of the following (which shall be sufficient service and notice hereof): the debtors, their attorney, the chapter 13 trustee, the creditors, and the United States trustee for this district.