**In re Eula Kyle GAMBLE, Debtor.**

**SOUTHTRUST BANK OF ALABAMA, d/b/a Bankcard Center, Plaintiff,**

v.

**Eula Kyle GAMBLE, Defendant.**

Bankruptcy No. 85–0221.
Adv. No. 86–0253.

United States Bankruptcy Court,
N.D. Alabama.

March 31, 1988.

Bill Bradley, Gadsden, Ala., for plaintiff.

William Rhea, Gadsden, Ala., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

*Introduction —*

The above-styled case was commenced in this Court on January 14, 1985, by a petition filed by the debtor under title 11, chapter 13, United States Code. The above-styled adversary proceeding was commenced on April 21, 1986, by the filing of a complaint to determine the dischargeability of debts owed by the debtor to SouthTrust Bank of Alabama. The matter came before the Court for a pre-trial conference on June 4, 1986; subsequently, a motion for summary judgment was filed with oral argument on said motion being waived by the parties. The Court found said motion not mature for a decision by the Court at the time of its filing; however, the debtor having been granted a discharge on November 30, 1987, the Court now finds said motion for summary judgment filed in this proceeding to be ripe for a decision by the Court.

*Findings of Fact —*

Notwithstanding the answer of the defendant denying the allegations of the complaint, the relevant facts in the above-styled adversary proceeding are undisputed and the Court finds said facts as follows:

1. The debtor/defendant filed a voluntary petition under chapter 13 of title 11, United States Code, in the United States Bankruptcy Court, Northern District of Alabama, on January 14, 1985, stating the name of the debtor as Eula Kyle Gamble;

2. Notice of the filing of said petition was mailed by the clerk of this Court to all creditors listed in the schedules of the petition, on January 18, 1985;

3. The schedules of indebtedness in said petition listed the plaintiff, SouthTrust Bank of Alabama, as SouthTrust Bankcard (Visa) in the amount of $1,065.06 and SouthTrust BankCard (Mastercard) in the amount of $1,007.16;

4. The debtor had been issued a Visa credit card and a Mastercard credit card from the plaintiff in the name of Eula M. Kyle;

5. If the plaintiff received notice of the debtor's filing of a bankruptcy petition, said notice listed the debtor as Eula Kyle Gamble;

6. The plaintiff, having no account under the name of Eula Kyle Gamble, did not file a proof of claim in the debtor's chapter 13 case;

7. The chapter 13 plan filed in this case was confirmed by this Court on June 6, 1985, and a discharge under 11 U.S.C. § 1328(a) was entered November 30, 1987;

8. On November 6, 1985, the plaintiff, while verifying the employment of "Eula M. Kyle" for the purpose of giving employment information to an attorney to pursue collection of debts owed by the debtor to the plaintiff, learned that Eula M. Kyle was the same individual as Eula Kyle Gamble and that said individual was the bankrupt in this case; and

9. On April 21, 1986, the plaintiff commenced the above-styled adversary proceeding by filing a complaint against the debtor to determine the dischargeability of the indebtedness of the debtor to the plaintiff.

*Conclusions by the Court —*

The debtor's failure to disclose in the voluntary petition filed by her on January 14, 1985, those names used by her within the past six years before the filing of the petition, was a violation of Bankruptcy Rule 1005[1] and resulted in the plaintiff's failure to file a timely proof of claim in the debtor's chapter 13 bankruptcy case.[2] The plaintiff alleged that the debtor's failure to give proper notice of the filing of the bankruptcy petition by virtue of the debtor's failure to comply with Bankruptcy Rule 1005, resulted in the indebtedness owed by the debtor to the plaintiff being nondischargeable.

The debtor was granted a discharge by this Court pursuant to 11 U.S.C. § 1328(a) on November 30, 1987, said subsection providing as follows:

(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title; or

(2) of the kind specified in section 523(a)(5) of this title.

Exception (1) to this type of chapter 13 discharge refers to long-term debts, payments upon which the plan proposed for the debtor to continue to make after consummation of the basic plan. Exception (2) refers to what may be described generally as debts for the payment of alimony or support money. No other type of prepetition debt is specifically excepted from a discharge granted when a debtor completes all payments called for during the term of a chapter 13 plan. Thus, consideration of other debts excepted from other types of discharge by 11 U.S.C. § 523 is foreclosed by a discharge under § 1328(a), as contrasted with a discharge under subsection (b) of the latter section.

Even though the indebtedness to the plaintiff cannot be ruled as nondischarge-

---

1. "The caption of a petition commencing a case under the Code shall contain the name of the court, the title of the case, and the docket number. The title of the case shall include the name, social security number and employer's tax identification number of the debtor and all other names used by the debtor within six years before filing the petition. If the petition is not filed by the debtor, it shall include all names used by the debtor which are known to petitioners." Bankr.Rule 1005.

2. Bankr.Rule 3002(c).

able pursuant to 11 U.S.C. § 523, it is not the conclusion of this Court that this debt is discharged. As provided in the above-stated portion of 11 U.S.C. § 1328, the discharge of a debtor in a chapter 13 case is applicable to "all debts provided for by the plan." This Court stated in *In re Cash*, 51 B.R. 927, 929, (Bankr.N.D.Al.1985), "it may very well be that a creditor who is not listed by the debtor in the Chapter 13 Statement in time for the creditor to have a reasonable opportunity to file a proof of claim in the case, within the time required by Bankruptcy Rule 3002(c) would hold a nondischargeable debt, because it could not be reasonably said that it was a debt 'provided for by the plan.'" The same conclusion is applicable to the proceeding presently before the Court. The debtor's noncompliance with Bankruptcy Rule 1005 resulted in the plaintiff's failure to receive adequate notice of the filing of the bankruptcy petition and further resulted in the failure of the plaintiff to file timely a proof of claim in the chapter 13 case of the debtor. Thus, it is to be concluded that the indebtedness owed by the debtor to the plaintiff was not provided for by the chapter 13 plan of adjustment and, therefore, that said indebtedness was not discharged by the order of discharge granted to the debtor by this Court on November 30, 1987.

An order will be entered in accordance with these findings of fact and conclusions of law.

### ORDER

In accordance with the findings of fact and conclusions of law entered in the above-styled adversary proceeding on the present date, it is, for cause, ORDERED by the Court that the motion for summary judgment of the plaintiff, SouthTrust Bank of Alabama, is granted, that the defendant, Eula Kyle Gamble, is adjudged to be indebted to the plaintiff in the total sum of $2,072.22, that said indebtedness is nondischargeable in this case, and that a copy of this order shall be sent through the United States mails to each of the following (which shall be sufficient service and notice here-

of): the debtor, the debtor's attorney, the plaintiff's attorney, and the trustee.