**In the Matter of Michael D. PACK, Carolyn E. Pack, Debtors.**

**Bankruptcy No. 82–2591–8B3.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 29, 1989.

R. Lawrence DeFrances, Sarasota, Fla., for debtor.

Chris C. Larimore, Trustee Bradenton, Fla.

Peter J. Mackey, for Zoller, et al.

## ORDER ON DEBTORS' AMENDED MOTION FOR CONTEMPT

THOMAS E. BAYNES, Jr.,
Bankruptcy Judge.

THIS CAUSE came on for hearing upon the Debtors' Motion for Contempt against Zoller, Najjar, and Shroyer, Inc. (Creditor). The Court reviewed the Motion and the record, heard argument of counsel, and finds as follows:

Debtor, Michael D. Pack, is an architect who had contracted with the Creditor regarding engineering and planning in the construction of a house. In June of 1981, Creditor began submitting invoices to the Debtor, individually, and continued to send invoices to the Debtor after December 6, 1982, the date of commencement of this Chapter 13 case. In fact, one post-petition invoice was paid by Debtor. However, the entire claim arose pre-petition.

Notwithstanding this pre-petition and post-petition activity, Debtor did not schedule the Creditor's claim. The Debtor also failed to provide for the Creditor's claim in the plan which was confirmed on February 15, 1983. An amended Chapter 13 plan, confirmed on September 30, 1985, also did not include this claim. The Creditor received no notice of the bankruptcy until November 4, 1985.

Almost three years after the filing of the petition, a year and a half after the confirmation of the first plan, and two months after confirmation of the amended Chapter 13 plan, Creditor filed a state court action against the Debtor and the Debtor's professional corporation. On November 4, 1985, the Debtor filed a Suggestion of Pendency of Bankruptcy in the state court action. The Creditor abated the lawsuit against the Debtor and proceeded against the Debtor's corporation, obtaining a judgment in January of 1987. On April 11, 1989, after the Debtor had completed all payments under the plan, this Court entered a discharge of the Debtor. On the same date, the Creditor filed its Motion for Summary Judgment in the state court against the Debtor individually. On April 25, 1989, the Debtor filed a Motion for Contempt alleging the Creditor violated the permanent injunction provided for in the Order of Discharge by filing the Motion for Summary Judgment in the state court. An Amended Motion for Contempt was filed on June 27, 1989.

■ Debtor takes the position that it was unnecessary to schedule this Creditor or provide for it in his plan because the Creditor's claim would have been satisfied by a judgment against the professional corporation. Nonetheless, the Creditor has a pre-petition claim against this Debtor. All the Creditor's invoices are directed to the Debtor individually and not to the corporation, although Creditor, in its complaint, has named the professional corporation and the Debtor. The professional corporation, however, was formed in February of 1982 and dissolved in November of 1986.

■ The issue before this Court is whether the claim of the Creditor is discharged pursuant to Section 1328(a). If the Creditor's claim is discharged, it was improper for the Creditor to continue its action to collect the debt against Debtor. Clearly, the debt cannot be determined to be non-dischargeable under Section 523(a)(3) for failure of notification because Section 523(a) has no application to discharges under Section 1328(a). The only way the debt could be discharged under Chapter 13 is if the debt was provided for under the plan or the claim was disallowed under Section 502. 11 U.S.C. § 1328(a).

■ Under Section 502 of the Code, a claim or interest, proof of which is filed under Section 501 of this Title, is deemed allowed. Clearly, the Creditor in this case did not file a proof of claim. However, the Creditor's claim cannot be disallowed and thus discharged for failure to file a proof of claim where the Debtor's intentional actions effectively prevented the Creditor from filing a proof of claim and thus an opportunity to have an allowed claim pursuant to 11 U.S.C. §§ 501(a), 502(a) and Bankruptcy Rule 3002. *In re Cash*, 51 B.R. 927, 929 (Bankr.N.D.Ala.1985). The plan and the amended plan specifically provide for distribution to the named unse-

cured creditors.[1] There is no provision for the payment of general unsecured creditors, much less this Creditor. Further, the Creditor was unable to file a late claim even at the time of the initiation of the state court action because the time for filing a proof of claim had passed. The time could not have been extended by this Court under Bankruptcy Rule 3002. *In re Chirillo*, 84 B.R. 120 (Bankr.N.D.Ill.1988). After receiving notice the Creditor lacked the ability to seek modification of the confirmed amended plan because only claimants holding allowed unsecured claims may seek modification. 11 U.S.C. § 1329.

▇▇▇ The only conceivable alternative available to the creditor is to seek revocation of the confirmation if the confirmed plan was obtained by fraud. The avenue of seeking revocation of discharge remains open to the creditor under Section 1328(e). Under the facts of this case and at this late stage in the proceeding, this Court finds Section 1328(e) is not viable. Similar facts have been considered sufficient to deny confirmation on the basis that the Debtor's plan was not proposed in good faith. *In re Cash, supra*. Whether the plan was proposed in good faith in 1985 is not germane now.

▇▇▇ During the long course of the Chapter 13, numerous mechanisms were available to the Debtor to discharge this Creditor's debt. The Debtor could have amended the Schedules under Bankruptcy Rule 1009; sought additional modification to his plan pursuant to Section 1329; or filed a proof of claim on behalf of the Creditor, Bankruptcy Rule 3004, and then, if he wished, objected to same in order to prove the claim had been satisfied by the professional corporation. On the other hand, the avenues available to the Creditor to protect its claim were few.

Debtor's counsel argues the claim should be deemed discharged because the Creditor was on notice and should not be allowed to lay and wait until the bankruptcy winds to an end in order to proceed against the Debtor. Conversely, the Debtor has all the advantages of Chapter 13 and the automatic stay under Section 362(a). If he wishes, the Debtor may hold his breath betting on whether the discharge will wipe out an unscheduled debt. In taking this alternative, the Debtor proceeds at its own risk.[2] *Doane v. Appalachian Power Co. (In re Doane)*, 19 B.R. 1007 (W.D.Va.1982). Here, the Debtor had sufficient opportunity to deal with a claim which arose in 1981. Having failed to do so, he cannot place the burden on the Creditor without notice after all effective avenues of dealing with the claim have passed.

It is this Court's finding that the claim of Zoller, Najjar, and Shroyer, Inc. is deemed to have not been provided for by the plan, disallowed under Section 502, and, therefore, is not discharged by the Chapter 13 discharge entered by this Court on April 11, 1989.[3] The Creditor's filing of the Motion for Summary Judgment against the Debtor in the state court was not improper under the circumstances. Therefore, the Motion for Contempt should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED the Debtor's Amended Motion for Contempt be, and the same is hereby, denied.

DONE AND ORDERED.

---

1. This creditor is bound by the plan pursuant to Section 1327(a). This fact does not resolve the issue of dischargeability under Section 1328(a). It may give rise to a due process claim by such a creditor. *See, Yukon Self Storage Fund v. Green (In re Green)*, 876 F.2d 854 (10th Cir.1989); *Byrd v. Alton (In re Alton)*, 837 F.2d 457 (11th Cir.1988); *Reliable Electric Co., Inc. v. Olson Construction Co.*, 726 F.2d 620 (10th Cir.1984).

2. *See also, In re Somar Concrete, Inc.*, 102 B.R. 44 (D.Md.1989); *Southtrust Bank of Alabama v. Gamble (In re Gamble)*, 85 B.R. 150 (Bkrtcy.N.D. Ala.1988)

3. On similar facts, a claim was found to be discharged because the creditor filed a late claim which the bankruptcy court allowed. A filing of a late claim was deemed by the court to bind the creditor to the plan. *In re Martinez*, 51 B.R. 944 (D.Colo.1985)