**In re Charlotte E. SCOTT, Debtor.**

**Bankruptcy No. 89–01128.**

United States Bankruptcy Court,
M.D. Alabama.

Aug. 9, 1990.

Calvin C. Pryor, Asst. U.S. Atty, Montgomery, Ala., for Farmers Home Administration.

Jock M. Smith, Tuskegee, Ala., for Charlotte Scott.

Curtis C. Reding, Montgomery, Ala., Chapter 13 Trustee.

### ORDER ON MOTION TO ALLOW FILING OF UNSECURED CLAIM

(Farmers Home Administration)

### ORDER ON DEBTOR'S MOTION TO STRIKE CLAIM

RODNEY R. STEELE, Chief Judge.

The issue presented by the above motions is: "Can Farmers Home file an unsecured deficiency claim in debtor's Chapter 13, where: (a) It had no notice or knowledge of the pending bankruptcy when it foreclosed debtor's real estate mortgage; (b) The debtor's plan and schedules did not include Farmers Home Administration; and (c) the 90–day period for filing claims had already expired when Farmers Home Administration became aware of debtor's bankruptcy?" [1]

The deficiency is for $4,075.57, accrued when Farmers Home Administration foreclosed its mortgage on January 25, 1990. Debtor filed this Chapter 13 on March 30, 1989. The 100 percent plan was confirmed on June 13, 1989. Farmers Home Administration is not listed in the schedules, on the mailing matrix or in the plan as a creditor. Notes of the § 341 meeting do not reveal Farmers Home Administration as a creditor. There is no evidence here that Farmers Home Adminis-

---

**1.** The Farmers Home Administration's motion to approve the post-petition foreclosure has been granted by consent. See order of May 3, 1990.

tration knew of the bankruptcy before January 25, 1990. This was well beyond the deadline for filing a proof of claim, under F.R.B.P. 3002(c). The deadline here is August 1, 1989, that is 90 days after May 2, 1989, the first date set for the meeting of creditors under § 341 of the Bankruptcy Code.

No claim was filed by Farmers Home Administration until April 5, 1990, when it filed the instant motion.

F.R.B.P. 3002(c) is a statutory bar which the courts cannot extend except under subsections (c)(1–6) of that Rule. F.R.B.P. 9006(b)(3). Farmers Home Administration does not fit any of those subsections here. It cannot seek extension under Rule 3002(c)(1), since it could not file for an extension within the 90–day period.

The result is that the claim cannot be allowed.

 But the consequence is that debtor will not be discharged of this debt in this bankruptcy case.[2] Farmers Home Administration's debt was not "provided for by the plan," nor was it disallowed under § 502 of the Bankruptcy Code. See Title 11, U.S.C. § 1328(c). Farmers Home Administration may be required to wait until the automatic stay in this case lifts before it can proceed to collection.[3] See *Matter of Pack*, (B.C.M.D.Fla., 1989) 105 B.R. 703 at 705, 706; *In re Gamble*, (B.C.N.D.Ala., 1988) 85 B.R. 150; *In re Cash*, (B.C.N.D. Ala., 1985) 51 B.R. 927.

It is therefore ORDERED that the claim of Farmers Home Administration is DISALLOWED in this case.

It is further ORDERED that the unsecured deficiency debt of Farmers Home Administration in the amount of $4,075.57 is determined to be nondischargeable in this bankruptcy case.

---

**2.** This question was raised by Farmers Home Administration in its response to debtor's motion.

---

**3.** *In re Cash*, (B.C.N.D.Ala., 1985) 51 B.R. 927 at 929.