**In re Raiford TIPTON and Mignon Tipton, Debtors.**

**Bankruptcy No. 5–89–00648.**

United States Bankruptcy Court, D. Connecticut.

Aug. 31, 1990.

Ellery E. Plotkin, Freccia & Plotkin, Stamford, Conn., for debtors.

Michael J. Lawrence, Slavitt, Connery & Vardamis, Norwalk, Conn., for Amity Bank.

MEMORANDUM AND ORDER ON AMENDED MOTION FOR ENLARGEMENT OF TIME TO FILE PROOF OF CLAIM

ALAN H.W. SHIFF, Bankruptcy Judge.

I.

On September 8, 1988, the debtor Raiford Tipton gave Amity Bank a $10,000.00 unsecured promissory note. The principal plus interest at the rate of 12% was to be paid in quarterly installments beginning on December 8, 1988. Raiford paid the installments due in December, 1988 and March, 1989.

On May 31, 1989, the debtors filed a petition under chapter 13 of the Bankruptcy Code. The list of creditors filed with the petition did not include Amity. *See* Bankruptcy Rule 1007(a)(1). A June 6,

1989 Order and Notice set July 12, 1989 as the first date for the meeting of creditors [1] and October 10, 1989 as the deadline to file a proof of claim. The clerk of this court subsequently sent an order dated June 6, 1989 to the debtors' counsel, directing him to serve the Order and Notice on all creditors "not less than 20 days in advance of said hearing [first meeting of creditors], and [to return] ... to the Clerk's Office, prior to said hearing, a copy of the notice with service certified thereon or with an attached affidavit certifying service in the manner and to the parties set forth herein above." It is undisputed that the debtors did not serve Amity with the Order and Notice or list Amity in their chapter 13 Statement, which was originally filed on July 11, 1989.

On June 20, 1989, Raiford made the required quarterly payment. On December 22, 1989, after Raiford had failed to make the September and December, 1989 payments, Amity demanded payment of all principal and interest then due. When Raiford failed to respond to that demand, Amity commenced a collection action in state court and obtained an attachment on certain real estate owned by the debtors. In April, 1990, after Amity had moved for a judgment in the state court action, the debtors' attorney informed Amity for the first time that a chapter 13 petition had been filed. Amity has halted its state court action.

On May 22, Amity filed a motion for an extension of time to file a proof of claim. On July 13, the debtors amended their chapter 13 Statement by adding Amity's claim, and on July 20, Amity filed the instant amended motion for an extension of time to file a proof of claim. Amity contends that it was entitled to the notice of the bar date required by the Bankruptcy Rules as a matter of due process and that this court has the equitable power to enlarge the time for filing a proof of claim.

## II.

Bankruptcy Rule 3002(a) provides that "[a]n unsecured creditor ... must file a proof of claim ... in accordance with this rule for the claim ... to be allowed...." Rule 3002(c) states the general rule that "[i]n a ... chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code...." Rule 2002(f)(3) directs that "the clerk, or some other person as the court may direct, shall give ... all creditors ... notice by mail of ... the time allowed for filing claims pursuant to Rule 3002...." Rule 9006(b)(3) provides that "[t]he court may enlarge the time for taking action under Rule ... 3002(c) ... only to the extent and under the conditions stated in [that rule]." None of the conditions for an extension of time under Rule 3002(c) are present in this case. Thus, absent other authority, the court does not have discretion to grant Amity an extension of time, and its motion must be denied.

■ Notwithstanding their plain language, the rules may not be applied in a way that deprives a party of its constitutional rights. *See Reliable Elec. Co., Inc. v. Olson Constr. Co.*, 726 F.2d 620, 623 (10th Cir.1984); *In re Rogowski*, 115 B.R. 409, 412–14 (Bankr.D.Conn.1990). The Fifth Amendment provides that "[n]o person ... shall ... be deprived of ... property, without due process of law...." In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), the Supreme Court held that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Thus, the analysis here turns on whether Amity will be deprived of a property right if it is not allowed to file a proof of claim nunc pro tunc. Amity's argument that it will is premised upon the contention that if it does not file a proof of

---

1. Code § 341(a) provides that "[w]ithin a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors."

**14**

claim, the debtors' obligation to it will be discharged. For the reasons that follow, I conclude that Amity's claim will not be discharged.

Code § 1328(a) provides in relevant part:

As soon as practicable after completion by the debtor of all payments under the plan ... the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title....

The debtors had a duty to schedule or list all debts, *In re Barnett*, 42 B.R. 254, 256 (Bankr.S.D.N.Y.1984), and follow court orders. Their failure to schedule Amity and give it notice of the bar date in time for it to file a proof of claim forecloses the possibility that Amity's claim can be provided for by a chapter 13 plan. *In re Harris*, 64 B.R. 717, 719 (Bankr.D.Conn. 1986) ("Distributions under Chapter 13 plans are made only to creditors with allowed claims."); *In re Van Hierden*, 87 B.R. 563, 564 (Bankr.E.D.Wis.1988). While it may be argued that the debtors could "provide for" the Amity claim in their plan by proposing to pay Amity nothing, *e.g.*, *Lawrence Tractor Co. v. Gregory (In re Gregory)*, 19 B.R. 668, 669–70 (9th Cir. BAP 1982), *aff'd*, 705 F.2d 1118 (9th Cir. 1983), I conclude that it would require a tortured reading of § 1328(a) to find that where a creditor is deprived of the opportunity to hold an allowed claim by a debtor's negligence, its claim is provided for by a plan which proposes to pay it nothing. *Southtrust Bank of Ala. v. Gamble (In re Gamble)*, 85 B.R. 150, 152 (Bankr.N.D.Ala. 1988); *In re Cash*, 51 B.R. 927, 929 (Bankr. N.D.Ala.1985) ("[I]t would be a strained construction to view the plan as *providing for a debt* owed to a creditor, when the debtor omits the debt and creditor from the Chapter 13 Statement."). Moreover, a plan which proposed to treat a claim in such a manner would not be proposed in good faith, and would therefore be unconfirmable. *Id.* at 929–30; 11 U.S.C. § 1325(a)(3).

Further, I find that Amity's claim has not been disallowed under § 502. Section 501 authorizes a creditor to file a proof claim. Section 502(a) provides that a

"claim ..., proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." Section 502(b) provides the grounds upon which a claim may be disallowed where such an objection is made. Thus, it is clear from the plain language of these Code provisions that only claims filed as a proof of claim under § 501 may be disallowed under § 502. Due to the debtors' neglect, Amity's proof of claim was not filed and its claim therefore can not be disallowed under § 502. *See Matter of Pack*, 105 B.R. 703, 705 (Bankr.M.D.Fla.1989).

Since Amity's claim will not be discharged under § 1328(a), its inability to file a proof of claim does not implicate the Due Process Clause.

III.

Amity's motion is denied, and IT IS SO ORDERED.