**In re Maurice P. BOURGOIN Mona M. Bourgoin, Debtor.**

**No. 03–21231.**

United States Bankruptcy Court, D. Connecticut.

Feb. 3, 2004.

Jack M. Bassett, Esq., Law Office of Jack M. Bassett, Avon, CT, for Debtors.

Tad J. Bistor, Esq., West Hartford, CT, for Claimant Eleanor D. Orzechowski.

### RULING SUSTAINING DEBTOR'S OBJECTION TO CLAIM

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

#### I.

Maurice P. Bourgoin ("Maurice") and Mona M. Bourgoin (together "the debtors"), on November 12, 2003, objected, on the grounds that it was untimely filed, to the proof of claim of Eleanor D. Orzechowski ("Orzechowski"). The court, on January 13, 2004, held a hearing, after which the debtors and Orzechowski filed stipulations of facts and memoranda in support of their positions.

#### II.

#### BACKGROUND

The debtors, on April 22, 2003, filed a joint Chapter 13 bankruptcy petition and did not list Orzechowski as a creditor. On June 25, 2003, Maurice's employer was served with an execution against Maurice's wages based upon a judgment entered on

September 6, 2002 by Connecticut Superior Court (Housing Session) ("the state-court action"). Maurice contacted his attorney, Jack M. Bassett, Esq. ("Bassett") who, on June 25, 2003, sent a letter to Robert Sussdorff, Esq. ("Sussdorff"), Orzechowski's attorney in the state-court action, notifying him of the debtors' bankruptcy case and stating:

> I am enclosing a copy of the Notice of Bankruptcy which I forwarded to the Housing Court for informational purposes. A copy of the Notice of First Meeting of Creditors in the Bourgoins' Chapter 13 bankruptcy is also enclosed. I became aware of this claim as a consequence of the wage execution . . . . I will be filing an amendment to my clients' petition to cite Ms. Orzechowski as an additional creditor. Please note that the creditor's meeting was rescheduled to July 1, 2003 at 10:30 AM . . . .

Sussdorff denies receiving a copy of the Notice of First Meeting of Creditors ("the Notice"), stating that the applicable deadline for filing proofs of claim was September 8, 2003. Bassett did not mail a copy of the letter and attachments to Orzechowski. Sussdorff attended the first meeting of creditors on July 1, 2003 as counsel for Orzechowski.

The debtors, on September 5, 2003, filed, *inter alia*, an amended Schedule F adding Orzechowski as a creditor holding an unsecured non-priority claim. Orzechowski, on November 3, 2003, filed the proof of claim, to which the debtors have objected as untimely filed.

#### III.

#### DISCUSSION

■ Section 502(b)(9) of the Bankruptcy Code provides for disallowance of a claim if "proof of such claim is not timely filed." [1]

---

1. 11 U.S.C. § 502(b) provides, in relevant    part, "[T]he court . . . shall allow such claim

Fed. R. Bankr.P. 3002(c) provides that, with certain enumerated inapplicable exceptions, "[i]In a ... chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code ...." In the debtors' case, the bar date for filing proofs of claim was September 8, 2003 and Orzechowski filed her proof of claim on November 3,2003.

Orzechowski's contention that her untimely claim may not be disallowed under § 502(b) is diametrically opposed to the plain language of that provision. The case law Orzechowski cites was rendered inapplicable when Congress, in the Bankruptcy Reform Act of 1994, amended the Bankruptcy Code to add § 502(b)(9).[2]

■■■ Orzechowski next argues that she did not receive actual notice of the bar date and cites *In re Yoder*, 758 F.2d 1114 (6th Cir.1985), to support her contention that "a creditor without actual notice of a bar date is entitled to relief for a late filing of a proof of claim for excusable neglect." (Orzechowski Brief at 4.) Orzechowski's reliance on *Yoder* is misplaced. *Yoder* concerned a case under Chapter 11, rather than under Chapter 13. While Fed. R. Bankr.P. 9006(b) permits an extension of various deadlines set by the rules or by court order, including a Chapter 11 bar date for filing proofs of claim established by court order pursuant to Fed. R. Bankr.P. 3003, Rule 9006(b)(3) specifically

prohibits the court from extending the bar date set in Rule 3002(c) for any reason other than those enumerated therein.

> The time for filing claims fixed by rule 3002(c) works like a statute of limitations in that a claim filed thereafter will not ... entitle its holder to receive distributions from the estate.... Courts have uniformly held that no extension of the time fixed by Rule 3002(c) may be granted after the time has passed.... The court has no equitable power to extend the time fixed by Rule 3002(c). The excusable neglect standard provided by rule 9006(b) does not permit the court to extend the time for filing proofs of claim under Rule 3002(c).

9 *Collier on Bankruptcy* ¶ 3002.03[1] (15th ed.2003).

The court finds unavailing Orzechowski's assertions that neither she nor Sussdorff actually received a copy of the Notice. Because the January 13, 2004 hearing was not of an evidentiary nature, the court will not consider the question of whether Sussdorff actually received the Notice. Even if he did not, it is undisputed that he had notice and actual knowledge of the debtors' Chapter 13 case and personally attended the first meeting of creditors as counsel for Orzechowski. In its discussion concerning the bar date for filing a nondischargeability complaint, the Second Circuit Court of Appeals stated:

---

in such amount, except to the extent that ... (9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide."

**2.** *See* Bankruptcy Reform Act of 1994, Pub. L.No. 103–394; 140 Cong. Rec. H10752–01, *H10768 ("The amendment to section 502(b) is designed to overrule *In re Hausladen*, 146 B.R. 557 (Bankr.D.Minn.1992), and its progeny by disallowing claims that are not timely filed."). The decisions cited by Orzechowski, *In re Tipton*, 118 B.R. 12 (Bankr.D.Conn. 1990) and *In re Pack*, 105 B.R. 703 (Bankr. M.D.Fla.1989), were superseded by the addition of § 502(b)(9).

[I]t is well established that due process is not offended by requiring a person with actual, timely knowledge of an event that may affect a right to exercise due diligence and take necessary steps to preserve that right.... While general knowledge that a bankruptcy proceeding has commenced is not the same as specific knowledge of the bar date, provisions of the [Federal Rules of Bankruptcy Procedure] do enable a creditor to estimate the bar date with relative accuracy based only on knowledge of when a ...petition was filed.

*In re Medaglia,* 52 F.3d 451, 455 (2d Cir. 1995).

Similarly, under the circumstances of this proceeding, Orzechowski had sufficient knowledge of the debtors' bankruptcy case to put her on notice to inquire as to the steps to take to protect her interests.

### IV.

### *CONCLUSION*

In accordance with the foregoing discussion, the court concludes that Orzechowski's proof of claim must be disallowed, pursuant to Bankruptcy Code § 502(b)(9), as untimely filed. The debtors' objection to Orzechowski's proof of claim is sustained. It is

SO ORDERED.