**In re Nadine Checho FRIEL, Debtor.**

**Bankruptcy No. 90–20197.**

United States Bankruptcy Court,
W.D. New York.

Jan. 11, 1994.

David D. MacKnight, Lacy, Katzen, Ryen & Mittleman, Rochester, NY, for debtor.

Warren H. Heilbronner, Mousaw, Vigdor, Reeves, Heilbronner & Kroll, Rochester, NY, Chapter 7 Trustee.

### DECISION & ORDER

JOHN C. NINFO, II, Bankruptcy Judge.

### BACKGROUND

On February 5, 1990, Nadine Checho Friel (the "Debtor") filed a petition initiating a Chapter 7 case. On February 15, 1990, the Office of the United States Trustee designated a Chapter 7 trustee (the "Trustee"), and on February 20, 1990, a Section 341 Meeting Notice (the "Section 341 Meeting Notice"),

informing creditors that a meeting of creditors would be held on March 13, 1990, was sent to the creditors listed by the Debtor on the mailing matrix (the "Matrix") and the schedules of creditors filed by her on February 5, 1990. The Section 341 Meeting Notice also informed creditors that this was a no asset case and advised them, "do not file claims unless later notified to do so."

On the Matrix and her schedules, the Debtor listed Miriam Gray and Sylvia Bloom at 10 Montroy, Rochester, New York, 14618 as creditors.

The first meeting of creditors was conducted by the Trustee as scheduled on March 13, 1990 and a minute report filed by the Trustee indicated that David M. Gray ("Attorney Gray") appeared for creditors Miriam A. Gray and Sylvia G. Bloom.

On July 2, 1990, the Office of the United States Trustee filed a copy of its June 29, 1990 letter to the Debtor advising her of an adjourned Section 341 meeting to be held on July 11, 1990. The letter indicated that a copy was sent to Attorney Gray. A minute report filed by the Trustee indicated that Attorney Gray appeared at the July 11, 1990 adjourned Section 341 meeting at which the attorney for the Debtor appeared but the Debtor failed to appear. At the July 11, 1990 Section 341 meeting, it was determined that the Debtor had an interest in 1468 East Whitney Road and that the Debtor had received or soon would receive an offer to purchase the property. The Section 341 meeting was adjourned to July 31, 1990. A minute report filed by the Trustee indicated that neither the Debtor or her attorney appeared at the July 31, 1990 Section 341 meeting, but that Attorney Gray appeared. The minute report further indicated that the Trustee would bring an order to show cause to have the Debtor held in contempt for her failure to appear at the Section 341 meeting.

On September 10, 1990, there was initially returnable the Trustee's application for authority to sell all of the estate's right, title and interest in 1468 Whitney Road. The Trustee's application to sell for an increased purchase price was ultimately approved by the Court by an Order dated December 18, 1990.

On January 9, 1991 the Court mailed to all of the creditors listed on the Matrix and the Debtor's schedules an Order and Notice Regarding Filing Of Proofs Of Claims (the "Bar Date Notice"). The Notice advised creditors that the case had become an asset case and fixed April 9, 1991 as the last date for the filing of claims by creditors.

On November 17, 1993, a proof of claim was filed on behalf of Miriam Gray (the "Gray Proof of Claim"). The claim for $50,-000.00, representing money loaned, was dated November 15, 1993 and was signed by an attorney on behalf of Miriam Gray. On November 17, 1993, a motion, returnable December 8, 1993, was filed on behalf of Miriam Gray to permit the late filing of the Gray Proof of Claim (the "Claim Allowance Motion").

The Claim Allowance Motion indicated that: (1) Miriam Gray's correct address was 200 Monteroy, Rochester, New York, not 10 Montroy as listed by the Debtor on the Matrix and her schedules; (2) notwithstanding the incorrect listing, Miriam Gray received the Section 341 Meeting Notice; (3) Attorney Gray's participation in the case resulted in the Trustee becoming aware that the Debtor resided in property other than property in which he claimed a homestead exemption and that the Debtor's interest in 1468 East Whitney Road was significantly greater than the Trustee believed, resulting in the Trustee realizing $16,000.00 rather than $8,000.00 for the sale of the estate's interest in the property; (4) Attorney Gray had attended all of the meetings of creditors on behalf of Miriam Gray; (5) in May, 1990, Attorney Gray had inquired of the Trustee as to whether claims could be filed before the Court notified the creditors that there were assets, and the Trustee had advised him in a June, 1990 letter that "you may file a claim at this time if you wish, although the Court generally does not encourage filings until the notice to file has been sent out;" and (6) Miriam Gray did not receive any further notices from the Court after the Section 341 Meeting Notice.

In a November 19, 1993 Response by the Trustee, he asserted that Attorney Gray had failed to observe the provisions of Rule 9010(b) of the Rules of Bankruptcy Procedure, which if complied with would have re-

sulted in him receiving copies of all notices, including the Bar Date Notice which would have allowed him to timely file a proof of claim on behalf of Miriam Gray. A Reply to the Response filed on behalf of Miriam Gray asserted that Attorney Gray's appearance was otherwise noted in the record within the meaning of Rule 9010, in that he had appeared at the various Section 341 meetings, had signed in at those meetings as representing Miriam Gray and had received notices of the adjourned Section 341 meetings.

## DISCUSSION

■ Rule 2002(f)(3) provides that the Clerk shall give all creditors notice by mail of the time allowed for filing claims pursuant to Rule 3002. Rule 2002(e) provides that: "[i]n a Chapter 7 liquidation case, if it appears from the schedules that there are no assets from which a dividend can be paid, the notice of the meeting of creditors may include a statement to that effect; that it is unnecessary to file claims; and that if sufficient assets become available for the payment of a dividend, further notice will be given for the filing of claims." Rule 2002(g) provides that: "All notices required to be made under this Rule to a creditor, equity security holder or indenture trustee shall be addressed as such entity or an authorized agent may direct in a filed request; otherwise to the address shown in a list of creditors or the schedule whichever is filed later." Rule 3002(c)(5) provides that: "[i]f notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice."

■ This Court has previously expressed its agreement with those courts which hold that the time frame set forth by Rule 3002(c), applicable in Chapter 7, 12 and 13 cases, is a statute of limitations which is to be strictly construed. *In re Murphy,* 92–20898 (Bankr. W.D.N.Y. June 23, 1993).

In this case, Miriam Gray acknowledged that she received the Section 341 Meeting Notice in the form annexed as Exhibit B to the Claim Allowance Motion. The copy of the Section 341 Meeting Notice annexed as Exhibit B to the Motion was addressed to and clearly shows the creditor as Miriam Gray and Sylvia Bloom at 10 Montroy, Rochester, New York, 14618. Therefore, upon receipt of the Section 341 Meeting Notice, the creditor Miriam Gray knew, or should have known by reviewing the notice as received by her, that her address was being incorrectly carried on the Court's records. At that point, Miriam Gray and Attorney Gray knew, or should have known, that if they intended to rely upon receiving an additional notice from the Court, there was a significant possibility that any such notice would not in fact be received by Miriam Gray since the Section 341 Meeting Notice listed an incorrect address for her. Nevertheless, Miriam Gray and Attorney Gray took no steps pursuant to Rule 2002(g) to direct, in a filed request, that future notices be mailed to Miriam Gray at her correct address. Also, no steps were taken to request that future notices be mailed to Attorney Gray or to see that the records of the Court were corrected to reflect Miriam Gray's proper address.

Furthermore, it is clear that well prior to the mailing of the Bar Date Notice, Attorney Gray had been advised by the Trustee that there was no prohibition against the filing of a proof of claim on behalf of Miriam Gray at any time.

■ Although Attorney Gray may have assumed that his appearance on behalf of Miriam Gray at various Section 341 meetings would entitle him to copies of all future notices in the case, there is no basis under the Bankruptcy Code or Rules for him to make such an assumption, especially given the provisions of Rule 2002(g), and as an attorney, he is presumed to know the law. The Section 341 meetings of creditors are conducted under the direction of the Office of the United States Trustee and not the Court. In this case, all of the notices of adjourned Section 341 meetings, including the June 29, 1990 letter attached as Exhibit C to the Claim Allowance Motion, came from the Office of the U.S. Trustee not the Court, and showed only that a copy was being sent to the Bankruptcy Court. Attorney Gray's mere attendance at the Section 341 meetings and providing his address to the Trustee at the meetings did not constitute a direction to the

Court "in a filed request" as to where to send notices to Miriam Gray, even if it may have constituted a notice of appearance as required to be filed by an attorney for a party pursuant to Rule 9010(b)[1]. Furthermore, the filing of a simple notice of appearance on behalf of a creditor pursuant to Rule 9010(b) does not satisfy the directional requirements of Rule 2002(g) as to where the notices required to be sent by Rules 2002 and 3002 are to be sent to that creditor, or require that copies of such notices be sent to the attorney for the creditor without a demand for such.

In a case on similar facts, Chief Bankruptcy Judge Emil F. Goldhaber for the Eastern District of Pennsylvania denied the motion for the allowance of a late filed proof of claim by a creditor that was improperly listed. *In re Ryan,* 54 B.R. 105, 107 (Bankr.E.D.Pa. 1985). The Court held that the creditor received actual notice of the bar date for filing proofs of claim, based on the presumption of receipt of properly addressed mail, since in that case the creditor had actually received the Section 341 meeting notice and receipt of that notice imposed on them the duty to inform the Clerk of Court that they were misnamed in the mailing list. *Id.* The Court further held that there was no violation of due process since the creditor had received the initial Section 341 meeting notice and failed to inform the Clerk's Office of its proper mailing address. *Id.*

In this case, either Miriam Gray or her attorney had actual notice of the Debtor's Chapter 7 case; participated actively in the case; were advised by the Trustee that there was no prohibition against filing a proof of claim even before the Bar Date Notice was sent; knew or should have known by reviewing the Section 341 Meeting Notice that Miriam Gray's address was being incorrectly carried on the Court's records, which might result in her not receiving any further notices in the case. Notwithstanding this, Miriam Gray and her attorney failed to timely file a claim, take steps to insure that Miriam Gray's address was properly noted by the Court to insure the receipt of any future notices required to be sent by Rules 2002 or 3002 or specifically request that copies of any such future notices be forwarded to Attorney Gray.

It is most unfortunate that given the valuable assistance provided to the Trustee by Attorney Gray that Miriam Gray may receive nothing on her claim against the Debtor if the Claim Allowance Motion is not granted. Nevertheless, the Court does not believe that there has been a failure of fundamental due process on the facts and circumstances of this case, and this case does not fall under one of the exceptions set forth in Rule 3002 for the allowance of the late filed Gray Proof of Claim.

### CONCLUSION

The motion on behalf of Miriam Gray to have her November 15, 1993 claim allowed as timely is in all respects denied without prejudice to any requests Miriam Gray may make for the payment of an administrative expense pursuant to Sections 503(b)(3) or 503(b)(4).

**IT IS SO ORDERED.**

---

1. Rule 9010(b) provides:

   **Notice of Appearance.** An attorney appearing for a party in a case under the Code shall file a notice of appearance with the attorney's name, office address and telephone number, unless the attorney's appearance is otherwise noted in the record.