**In re Claudia MCLARRY.**

**No. 01–60035–V2–13.**

United States Bankruptcy Court,
S.D. Texas,
Victoria Division.

Feb. 14, 2002.

---

David Peake, Houston, TX, Chapter 13 Trustee.

Mary Daffin, Houston, TX, for Wells Fargo.

### MEMORANDUM OPINION IN SUPPORT OF ORDER DENYING MOTION TO ALLOW LATE PROOF OF CLAIM (doc# 33)

WESLEY W. STEEN, Bankruptcy Judge.

Wells Fargo Home Mortgage, Inc. as servicer for Federal Home Loan Mortgage Corporation, its Assigns and/or Successors In Interest ("Wells Fargo") has filed a

Motion To Allow Late Proof of Claim (docket # 33). No objection to the motion has been filed. For reasons explained below, the motion is denied for failure to state a claim on which relief can be granted.

The factual context is very simple. The deadline for filing proofs of claim in this chapter 13 case was November 21, 2001. The chapter 13 plan was confirmed December 14, 2001. Wells Fargo's Motion to Allow Late Proof of Claim was filed on January 2, 2002 (and allegedly its proof of claim was filed on the same day.)

## WELLS FARGO HAS NOT CLEARLY ARTICULATED WHAT RELIEF IT REQUESTS

1. Wells Fargo asks ". . . that its claim be allowed".

Allowance of claims is governed by Bankruptcy Code § 502 which provides that a claim is deemed allowed if it is filed under Bankruptcy Code § 501 and no party in interest objects. There is no provision for allowance of a claim except pursuant to the statutory procedure.

2. Wells Fargo states that "The claim was denied by the Trustee's office because it was not timely filed."

■ It is not clear what this means. There is no provision in the Bankruptcy Code or in the Federal Rules of Bankruptcy Procedure for the trustee to deny a claim. As noted, allowance and disallowance of claims is a process defined by statute. Only if a claim is filed and if an objection is made is there the possibility of disallowance of the claim. In any event, allowance or disallowance is determined by the court, not by the trustee.

■ Perhaps Wells Fargo means that the trustee declined to pay the claim. Perhaps Wells Fargo expects that if the Court grants its motion and "allows" the claim, then the trustee will pay it. But without more information, that result is not clear. In a chapter 13 case, the trustee is required to make payments according to the confirmed plan, not according to allowed claims.[1]

■ Perhaps Wells Fargo intended the motion to seek relief from the deadline for filing claims. But the Court has no authority to extend the deadline for filing proofs of claim in a chapter 13 case. That deadline is established by FRBP 3002(c). Rule 9006 permits the Court to extend most deadlines. However, Rule 9006(b)(3) explicitly *excludes* extension of the deadline for filing a proof of claim in a chapter 13 case (except in circumstances not applicable here). Thus, by explicit statement of the rules, the Court cannot extend the deadline.[2] The rule provides no exceptions for extenuating circumstances, excusable neglect, or other cause.

■■ On the other hand, the Court has no authority to prohibit a tardy creditor from filing a proof of claim.[3] And, under the statute, whether the claim was filed timely or late, it is allowed unless a party in interest objects to the claim. There is no deadline for objecting to a proof of claim.[4] The chapter 13 trustee has a duty

---

1. Bankruptcy Code § 1326(a)(2).

2. *Compare,* however, *In re McQueen,* 228 B.R. 408 (M.D.Tenn.1998) which holds that due process requires that the deadline be extended if a creditor did not receive notice of a case in time to file a proof of claim.

3. *See* Advisory Committee Note to 1996 amendment of FRBP Rule 3002.

4. Federal Rules of Bankruptcy Procedure 3007. *Collier on Bankruptcy* ¶ 502.02[3][e] (15th ed.1999).

to object to claims filed after the deadline.[5] If a party in interest objects to the claim, the court "shall allow such claim ... except to the extent that—...proof of such claim is not timely filed ..."[6] The statute allows for no exceptions for extenuating circumstances, excusable neglect, or other cause applicable to this case.

Therefore, under the facts presented in this case, the Court cannot "allow" the claim and cannot extend the deadline, but Wells Fargo may file its claim without Court permission. The claim is "allowed" by § 502 of the Bankruptcy Code unless a party in interest objects. The consequences of filing a claim after the deadline in this chapter 13 case, if any, need not (and cannot) be determined in this contested proceeding.

## WELLS FARGO'S ARGUMENTS FOR RELIEF ARE UNAVAILING

Wells Fargo's motion asserts that

The claim ... is secured by a lien which survives the Debtor's bankruptcy and passes through the bankruptcy unimpaired. Therefore, the claim remains as an indebtedness owed by the Debtor, and it would be in the Debtor's best interest to have some portion of the claim paid in the bankruptcy Chapter 13 plan.

There is authority supporting Wells Fargo's allegation, although that authority is distinguishable from the present facts. The Court of Appeals for the Fifth Circuit has acknowledged:

... [T]he long line of cases allowing "a creditor with a loan secured by a lien on the assets of a debtor who becomes bankrupt before the loan is repaid to ignore the bankruptcy proceeding and look to the lien for satisfaction of the debt." *In re Tarnow*, 749 F.2d 464, 465 (7th Cir.1984). Entirely consistent with this view is the oft-repeated observation that "[a] secured claim need not be filed or allowed under § 502 or § 506(d) unless a party in interest has requested a determination and allowance or disallowance under § 502." Bankr.R. 3002 advisory committee note; *see* 1 Norton Bankruptcy Law and Practice § 28.27, at 28–18 (1985). [*In re Simmons*, 765 F.2d 547, 556 (5th Cir.1985).]

And, the Fifth Circuit holds that unless a party institutes the proper proceedings, the lien passes through the bankruptcy case without effect.

It is clear under the Code that any statutory lien that is valid under state law remains valid through bankruptcy unless invalidated by some provision of the Code. [*Id.*]

Under section 506(d), when a party in interest has not requested that the court determine and allow or disallow a claim under section 502, a lien cannot be void. [*Id.* at 558.]

■ There are distinctions between *Simmons* and the current facts. In *Simmons*, the creditor filed a proof of claim *prior* to confirmation of the plan. The Fifth Circuit held that the filing of the plan did not constitute an objection to the claim invoking the authority of the bankruptcy court to determine the amount of the claim. In this case, the creditor seeks to file a claim subsequent to the deadline and *after* the plan was confirmed. That distinction may, or may not, be important. All that is decided in this order is that the Court does not have authority to "allow" the late filed claim. Allowance of claims is a process governed by statute, and the statute does not vest discretionary authori-

---

5. Bankruptcy Code § 1302(b)(1), § 704(5).

6. Bankruptcy Code § 502(b)(9).

ty in the Court to allow the claim based on an allegation that allowance would be in the Debtor's best interests or on an allegation that the lien would survive bankruptcy. The Court cannot, and does not, in this context, decide what penalty, if any, the creditor suffers for being tardy, and what is the appropriate procedural vehicle to decide that issue in this case.

■ If it is indeed in the Debtor's best interests to pay the claim through the plan (as Wells Fargo asserts) then the plan might be modified to provide for that.[7] But Bankruptcy Code § 1329 permits post-confirmation modifications to be proposed only by the debtor, trustee, or *unsecured* creditor. If Wells Fargo intends a *de facto* plan modification by asking the court to allow this proof of claim, that result appears to be precluded by Bankruptcy Code 1329(a).

Wells Fargo argues that denial of authority to file a late proof of claim violates the Bankruptcy Code. The motion states:

> Further ... [the lien] is on the Debtor's principal residence, and ... [the Bankruptcy Code] prohibits the Debtor from modifying the rights of a secured creditor, secured only by a security interest in real property that is the Debtor's principal residence. The net effect of disallowing the claim would result in modifying the rights of this secured creditor.

In this allegation, Wells Fargo seems to suggest that the plan confirmation is invalid. If that is Wells Fargo's intent, the procedural vehicle it chose (a motion to allow a claim) is inadequate to the task.

### CONCLUSION

The Court is sympathetic to the need for an abbreviated, inexpensive procedure for correcting the allowed amount of (and plan treatment of) secured claims. However, given the current state of the case, and given the specific provisions of the Federal Rules of Bankruptcy Procedure, the Court does not have the authority to grant the relief requested. It might well be in the Debtor's best interests for her to propose a plan modification to address the additional secured claim. Debtor's counsel should consider that issue. Or it might be that Wells Fargo has access to other relief. The Court cannot address those issues in this motion.

Therefore, by separate order issued this date, the motion is denied for failure to state a claim on which relief can be granted.

---

7. *See* Bankruptcy Code § 1329(a).