**In re Carl Luther GRIGGS and Vera Jean Griggs, Debtors.**

**No. 02–20926–drd.**

United States Bankruptcy Court, W.D. Missouri.

Feb. 23, 2004.

Andrew C. Webb, Sedalia, MO, for Debtors.

Bruce E. Strauss, Merrick Baker Strauss, Kansas City, MO, for Trustee.

## MEMORANDUM OPINION AND ORDER

DENNIS R. DOW, Bankruptcy Judge.

This matter comes before the Court on the objection of Carl Luther Griggs and Vera Jean Griggs (the "Debtors") to the claim of creditor Mike Armon ("Armon") (Claim # 4). A hearing was held by this Court on January 13, 2004, and the parties submitted post-hearing briefs to the Court. At the hearing, Armon's attorney made an oral motion to file the proof of claim out of time. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), (b)(1) & (b)(2)(B). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rules 9014(c) and 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court sustains the Debtors' objection to Armon's claim, denies Armon's motion to file the proof of claim out of time and disallows such claim as untimely.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2000, Armon filed a complaint against the Debtors in the Circuit Court of Clay County, Missouri. Subsequently, a final judgment in the amount of $105,000.00 was entered in favor of Armon. Thereafter, on May 20, 2002, Debtors filed a petition under Chapter 13 of the Bankruptcy Code. In their initial and amended schedules and creditor matrix, Debtors listed Armon as a creditor using the following address: c/o

William Shull, 104 W. Kansas St., Liberty, Missouri 64068–2359.[1]

On May 20, 2002, the same date that the Debtors filed their bankruptcy petition, Debtors mailed Mr. Shull a Suggestion of Bankruptcy. Mr. Shull acknowledged in a letter dated May 23, 2002, that he received the notice.[2] On May 21, 2002, a Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines was sent to Mr. Shull which set the deadline to file proofs of claim for all creditors (except a governmental unit) as September 25, 2002.[3] The Chapter 13 Trustee held a § 341 meeting on June 27, 2002, at which time Mr. Shull entered an appearance on behalf of Armon.[4] On February 1, 2003, the Trustee mailed a Notice Allowing/Disallowing Claims to Armon (c/o Mr. Shull) which indicated that a claim had not been filed and would be disallowed unless an objection was filed within 20 days.[5] No such objection was filed. On October 22, 2003, Cindy Williams filed a proof of claim in the amount of $105,163.58 on behalf of Armon.[6] On October 28, 2003, Debtors filed an objection to the claim.

In the Debtors' objection to Armon's proof of claim, they contend that the proof of claim should be disallowed as untimely because it was filed almost 13 months after the bar date. Debtors also state that the Trustee sent Armon the Notice Allowing/Disallowing Claims on February 3, 2003, in which the Trustee proposed to disallow Armon's claim as "not filed," that Armon had 20 days in which to respond and failed to file either a response or a proof of claim within that time. Debtors also contend that the untimely proof of claim should not be allowed because the factors contributing to the untimely filing do not constitute "excusable neglect."

Armon filed a response to the objection to his proof of claim in which he contends that because he was listed on the Debtors' schedules as a secured creditor, no proof of claim was required. This position was abandoned at the hearing on the objection.[7] Armon also asserted in his response that notice was not sent to him and that the late filing of the proof of claim does not prejudice Debtors because the plan calls for Armon to be paid 100% up to $250,000.00. Finally, Armon maintains that the late-filed claim should be allowed pursuant to Rule 9006(b) and the principle of "excusable neglect."

## ANALYSIS

Section 502 of the Bankruptcy Code provides in material part:

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, *unless* a party in interest . . . objects.

1. Debtors' Exhibit 1; Mr. Shull represented Armon in the state court litigation against the Debtors.

2. Debtors' Exhibits 3 & 4.

3. Debtors' Ex. 2.

4. Debtors' Ex. 9.

5. Debtors' Ex. 5.

6. Debtors' Ex. 6; Creditor's Ex. 1. The proof of claim was also filed on behalf of Jeff Williams. However, the parties admitted at the hearing that Mr. Williams was dismissed

as a plaintiff early on in the state court litigation and does not have a claim against the Debtors. Mr. Armon's attorney submitted an authorization signed by Mr. Armon on November 26, 2003, authorizing Ms. Williams to act as his representative in this bankruptcy proceeding. The Court need not decide the validity of this authorization.

7. At the hearing, Armon's counsel conceded that a proof of claim would need to be filed in order to receive a distribution under the Chapter 13 plan.

(b) [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim ... and shall allow such claim ... in such amount, *except* to the extent that—

. . . .

(9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure. . . .

11 U.S.C. § 502 (emphasis added). Because this is a case under Chapter 13, § 726 is not applicable. *In re Windom,* 284 B.R. 644, 646 (Bankr.E.D.Tenn.2002); *In re Husmann,* 276 B.R. 596, 598 (Bankr. N.D.Ill.2002); *In re Brogden,* 274 B.R. 287, 290 (Bankr.M.D.Tenn.2001). The only relevant rules are Rules 3002 and 9006.

Federal Rule of Bankruptcy Procedure 3002(c) governs the time for filing proofs of claim in a Chapter 13 case, stating that "[i]n a ... chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors ...." Fed. R. Bankr.P. 3002(c).

Rule 3002(c) provides five exceptions to this requirement,[8] none of which is applicable in the present case.

Armon asserts that even if none of the specified exceptions set forth in Rule 3002(c) is applicable, under Rule 9006(b), the court may "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr.P. 9006(b)(1). This rule generally gives a bankruptcy court the authority to enlarge deadlines upon a showing of excusable neglect; however, it also prohibits enlargements of time to take action under certain rules and limits the Court's ability to enlarge time under others. The deadlines for taking action under Rule 3002(c) fall into the latter category. Specifically, Rule 9006(b)(3) states that "[t]he court may enlarge the time for taking action under Rule[ ] ... 3002(c) ... *only* to the extent and under the conditions stated in [that] rule[ ]." Fed. R. Bankr.P. 9006(b)(3) (emphasis added). *Dicker v. Dye (In re Edelman),* 237 B.R. 146, 152–53 (9th Cir. BAP 1999); *In re Wrobel,* 197 B.R. 289, 291–95 (Bankr.N.D.Ill.1996); *In re Duarte,* 146 B.R. 958, 960 (Bankr. W.D.Tex.1992); *In re Tipton,* 118 B.R. 12,

---

8. The exceptions listed in Rule 3002(c) are as follows:

(1) A proof of claim filed by a governmental unit is timely filed if it is filed not later than 180 days after the date of the order for relief. On motion of a governmental unit before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the governmental unit.
(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extent he time for filing of a proof of claim by an infant or incompetent person or the representative of either.
(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property

from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.
(4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.
(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

13 (Bankr.D.Conn.1990); 9 Lawrence P. King et al., Collier On Bankruptcy ¶ 3002.03[1] (15th ed. rev.2003).

Accordingly, Rule 9006(b)(3) limits the court's discretion in enlarging the time to file a proof of claim in a Chapter 13 proceeding to the exceptions enumerated in Rule 3002(c)(1)-(5), none of which authorizes the filing of a late claim on grounds of "excusable neglect". Therefore, "excusable neglect" is not a basis for allowance of late claims in Chapter 13. *See Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 389 n. 4, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (noting that excusable neglect is not applicable to late claims under Rule 3002(c)). As the Supreme Court has noted in another bankruptcy context, "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Taylor v. Freeland & Kronz,* 503 U.S. 638, 643–44, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). Together, § 502(b)(9) and Rule 3002(c) operate as a "strict statute of limitations." *SouthTrust Bankcard Ctr. v. Curenton (In re Curenton),* 205 B.R. 967, 970 (Bankr. M.D.Ala.1995). Bankruptcy courts are therefore without the authority to extend the Rule 3002(c) deadline and allow an untimely filed proof of claim over an objection in a Chapter 13 case, except for the reasons set forth in Rule 3002(c)(1)-(5). *In re Zich,* 291 B.R. 883, 885 (Bankr.M.D.Ga. 2003); *In re McLarry,* 273 B.R. 753, 754 (Bankr.S.D.Tex.2002); *Windom,* 284 B.R. at 646.

Armon cites the case of *In re Hydorn,* 94 B.R. 608 (Bankr.W.D.Mo.1988) for the proposition that his claim should be allowed notwithstanding its having been filed late. The *Hydorn* case is distinguishable for a number of reasons. First, the issue in the case was not whether the creditor's late-filed proof of claim should be allowed and paid, but rather whether the creditor's lien on certain real property of the debtor survived confirmation of the plan and discharge of the debts provided for by the plan and, if so, how the value of the collateral securing the claim should be assessed. *Hydorn,* 94 B.R. at 611. The case is also distinguishable factually from the one before this Court. In *Hydorn,* the court had issued an order, on motion of the Chapter 13 trustee, allowing in full the secured claim of the bank, despite the fact that no proof of claim had been filed, a fact which played a role in the court's decision. *Hydorn,* 94 B.R. at 612. In this case, precisely the opposite occurred. The fact that Debtors' Chapter 13 plan provides for the claim and proposes it be paid does not excuse Armon's failure to file a timely proof of claim. A creditor is not entitled to receive a distribution under a confirmed Chapter 13 plan, even though it provides for payment of the claim, in the absence of a timely-filed proof of claim. *Zich,* 291 B.R. at 886; *K. Lundin,* 4 Chapter 13 Bankruptcy ¶ 288.1, p. 288–7 (3d ed.2000 and Supp.2002) ("[n]o matter how specific the plan provision for payment of a creditor, only allowed claims can be paid through the plan"). To the extent *Hydorn* holds otherwise, this Court disagrees. The Court also notes that *Hydorn* acknowledges the general rule that the Court has no equitable power to extend the deadlines set forth in Rule 3002(c) for filing proofs of claim in Chapter 13 cases. *Hydorn,* 94 B.R. at 612.

Even if the Court were able to allow Armon to file the proof of claim out of time on grounds of excusable neglect, it would not do so. As noted, Armon's proof of claim was filed almost 13 months past the bar date. No reason was offered for this significant delay in filing the claim other than Armon's attorney may have been under the impression that it was

unnecessary for Armon to file a claim. A mistake of law, however, does not constitute excusable neglect. *See Pioneer*, 507 U.S. at 392, 113 S.Ct. 1489 (stating that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect' "); *see also, Hartford Cas. Ins. Co. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 214 B.R. 197, 200–201 (8th Cir. BAP 1997)(maintaining that mistakes caused by the ignorance or misapplication of the law, such as unfamiliarity with bankruptcy, are not excusable neglect). It appears from the evidence before this Court that Armon simply chose not to file a timely proof of claim. Whether that was because he was under the impression that he did not need to receive a distribution or whether his only goal was to preserve his lien rights and concluded that he need not file to accomplish that is immaterial.

While this Court may be empowered to invoke the Due Process Clause and grant a motion to file a proof of claim out of time in a Chapter 13 case if the creditor did not receive notice of the bar date, this is not such a case.[9] In this case, it is undisputed that Armon's attorney, Mr. Shull, was aware of the Debtors' bankruptcy case immediately after it was filed on May 20, 2002. Debtors' attorney certified that he mailed to Mr. Shull a Suggestion of Bankruptcy on May 20, 2002, and Mr. Shull acknowledged receipt of the Suggestion of Bankruptcy in a letter dated May 23, 2002. Further, Mr. Shull entered his appearance on behalf of Armon at the § 341 meeting on June 27, 2002. Notice of the Chapter 13 filing and of the proof of claim bar date was mailed to Mr. Shull by the court clerk on May 21, 2002, and the Trustee mailed him a Notice Allowing/Disallowing Claims on February 1, 2003.

■■■ The general rule in bankruptcy cases, as well as other types of cases, is that notice served upon counsel satisfies any requirement to give notice to the party. *Irwin v. Veterans Affairs*, 498 U.S. 89, 92, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (*citing Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). While an attorney need not have been retained to represent a creditor in a bankruptcy case or be a bankruptcy attorney in order for this rule to apply, it is important that there be some nexus between the creditor's retention of the attorney and the creditor's issues with the debtor. *In re Schicke*, 290 B.R. 792, 802–03 (10th Cir. BAP 2003). Notice to the attorney can be imputed to the client if the attorney is representing the client regarding a claim against the debtor. *See Linder v. Trump's Castle Assoc.*, 155 B.R. 102, 104–05 (D.N.J.1993) (where notice of bar date properly served on claimant's attorney, notice imputed to claimant because attorney was representing claimant in claim against debtor). An attorney who represents the creditor in matters against a debtor prepetition, such as in obtaining a judgment that will be affected by discharge, will be an agent of the creditor in the context of a debtor's bankruptcy case. *Schicke*, 290 B.R. at 803.

---

9. *In re Kristiniak*, 208 B.R. 132, 134–35 (Bankr.E.D.Pa.1997); *In re Thomas*, 181 B.R. 674, 677 & n. 2 (Bankr.S.D.Ga.1995); *In re Friel*, 162 B.R. 645, 648 (Bankr.W.D.N.Y. 1994); *In re Duarte*, 146 B.R. 958, 962–63 (Bankr.W.D.Tex.1992); *In re Avery*, 134 B.R. 447, 448 (Bankr.N.D.Ga.1991)(holding proof of claim process limited by Due Process Clause); *but see, In re Brogden*, 274 B.R. 287, 288 (Bankr.M.D.Tenn.2001); *In re Global Precious Metals*, 143 B.R. 204, 206–07 (Bankr. N.D.Ill.1992); *In re Tipton*, 118 B.R. 12, 14 (Bankr.D.Conn.1990)(holding due process clause does not provide equitable exception to chapter 13 claims bar date because Code provides other forms of relief). This Court need not decide this issue because this case does not present a lack of due process situation.

Here, Mr. Shull was representing Armon in the state court action against the Debtors, including through the execution process. Mr. Shull's representation of Armon in the state court proceeding resulted in the judgment against the Debtors that provides the basis for the claim at issue. Mr. Shull, on behalf of his client Armon, received notice of the bankruptcy filing on the eve of execution on the state court judgment. Furthermore, Mr. Shull was sent notice of the bar date to file proofs of claim and was sent a second notice from the Trustee regarding the disallowance of Armon's claim for failure to file a proof of claim. Mr. Shull had also entered his appearance on behalf of Armon in the bankruptcy case at the § 341 meeting on June 27, 2002. In addition, Cindy Williams testified that she told Armon of the bankruptcy case immediately after the Debtors filed their bankruptcy petition. Thus, Armon himself had actual knowledge of the case well in advance of the deadline for filing claims.

Accordingly, the notice provided to Armon's attorney is imputed to Armon. Notice of the bankruptcy filing and the proof of claim bar date were received by Mr. Shull well before the September 25, 2002 bar date. Thus, there is not a lack of due process in this case and the Court need not decide the interaction of the Due Process Clause and Rule 3002(c). *Cf. In re Duncan,* 125 B.R. 247 (Bankr.W.D.Mo. 1991) (creditor received reasonable notice of bankruptcy and sufficient opportunity to investigate and preserve objections to discharge, and thus, failure of debtors to give creditors actual notice of bar date did not violate due process).

Therefore, for the reasons stated above, it is

ORDERED that creditor Mike Armon's motion to file the proof of claim out of time is hereby denied; and it is further

ORDERED that Armon's proof of claim (claim # 4) is hereby disallowed as untimely.