**IN RE: Leeroy CADE, Debtor(s)**

**Case No. 13–57249**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Signed August 5, 2014

Mark Albert Herder, Columbus, OH, for Debtor(s).

## ORDER SUSTAINING OBJECTION TO PROOF OF CLAIM (DOC. # 41)

C. Kathryn Preston, United States Bankruptcy Judge

This matter came on for hearing May 16, 2014 to consider the Objection to Proof of Claim (the "Objection") (Doc. # 41) filed by the Chapter 13 Trustee, Frank M. Pees (the "Trustee"), and the Response of Heartland Bank to Trustee's Objection to Proof of Claim (the "Response") (Doc. # 45) filed by Heartland Bank (the "Creditor"). Present at the hearing were Don L. Mains, representing the Trustee, and David A. Skrobot, representing the Creditor. After the hearing and at the invitation of the Court, the Creditor filed a Memorandum in Continued Support of Heartland Bank's Response to the Trustee's Objection to Proof of Claim ... and Request for Withdrawal of Objection (the "Support Document") (Doc. # 49). Thereafter, the Trustee filed his Reply Memorandum of Chapter 13 Trustee in Support of the Trustee's Objection to Proof of Claim (the "Reply") (Doc. # 50).

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order 05–02 entered by the Unit-

ed States District Court for the Southern District of Ohio, referring all bankruptcy matters to this Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

## II. FACTS

On September 12, 2013, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, [and] Deadlines (the "Notice") (Doc. # 10) was issued September 16, 2013, and provided notice that the Meeting of Creditors was scheduled for October 16, 2013, and that the deadline to file a proof of claim for all creditors other than governmental entities was January 14, 2014. The Certificate of Notice (Doc. # 12) indicates the Bankruptcy Noticing Center mailed a copy of the Notice to the Creditor on September 19, 2013. The Creditor does not dispute that it received the Notice.

The Debtor filed a Third Amended Chapter 13 Plan (the "Plan") (Doc. # 19) on October 11, 2013, that provided for a 100% dividend to unsecured creditors, and same was confirmed on November 18, 2013. According to the Chapter 13 Trustee's Recom[m]endation in Favor of Confirmation of Chapter 13 Plan (Doc. # 23), the Debtor is an above-median-income debtor, the best interest dividend is 0%, and the Plan is projected to last sixty months.

As a result of miscalendaring the due date, the Creditor did not file a proof of claim until January 16, 2014. On that date, the Creditor filed proof of claim number 19–1 (the "POC") as a general unsecured claim in the amount of $9,007.61. Subsequently, the Trustee filed the Objection on the basis that the POC was filed untimely. The Creditor acknowledges the POC was filed out of time, but argues that the Objection should be overruled because it fails to serve a purpose as required by 11 U.S.C. § 704(a)(5). In addition, the Creditor argues that allowing the POC will not prejudice any other unsecured creditors because the Plan proposes to pay the unsecured creditors in full. The Creditor urges the Court to exercise its equitable powers and allow the POC.

## III. DISCUSSION

"A primary function of bankruptcy law is to provide a uniform method and a neutral forum for the prompt determination of claims held by creditors. Claims are made against a debtor's bankruptcy estate, normally by filing a proof of claim." *In re Jenkins,* 417 B.R. 462, 466 (Bankr. N.D.Ohio 2009) (citations omitted). Section 501 of the Bankruptcy Code permits a creditor to file a proof of claim, and Section 502 governs the allowance of claims or interests. *See* 11 U.S.C. §§ 501, 502. Section 502 provides in pertinent part as follows:

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, ... objects.

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (I) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

. . .

(9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under

the Federal Rules of Bankruptcy Procedure. . . .

11 U.S.C. § 502.

[U]ntimeliness is not a basis for disallowing late-filed claims that are subject to § 726(a)(1), (2), or (3),[1] but it is a basis for disallowing claims that are not subject to § 726(a). In addition, untimeliness is not a basis for disallowing late-filed claims that are otherwise allowed by the Bankruptcy Rules.

Section 103(b) of the Bankruptcy Code provides that "Subchapters I and II of chapter 7 of this title apply only in a case under such chapter." Id. § 103(b). Section 726 falls within subchapter II of Chapter 7. Thus, § 726(a) does not apply in Chapter 13 cases. Because this is a Chapter 13 case, [the claimant] cannot benefit from the § 726(a) exception to disallowance of untimely claims.

*In re Glawson*, 2013 Bankr.LEXIS 3654, *3–*4 (Bankr.M.D.Ga.2013).

■ Similarly, the Federal Rules of Bankruptcy Procedure are equally unforgiving of late-filed claims in a chapter 13 case. Federal Rule of Bankruptcy Procedure 3002(c) establishes the time within which a proof of claim must be filed. In a chapter 13 case, a proof of claim filed by a non-governmental entity must be filed no later than 90 days after the first date set for the meeting of creditors. *See* Fed. R. Bank. P. 3002(c). "[Federal Rule of Bankruptcy Procedure] 3002(c) is strictly construed as a statute of limitations barring the late filing of proofs of claim." *In re Bailey*, 151 B.R. 28, 30 (Bankr.N.D.N.Y. 1993) (citations omitted).

Rule 9006(b)(3) provides that the Court "may enlarge the time for taking action under Rule[ ] . . . 3002(c) . . . *only* to the extent and under the conditions stated" in the Rule. Rule 3002(c) sets forth six exceptions to the claims bar date for: (1) claims filed by governmental units; (2) claims filed by or on behalf of an infant or incompetent person; (3) claims arising because the creditor is required to turn over property to the trustee as a result of an avoidance action; (4) claims arising from rejection of an executory contract or unexpired lease; (5) cases originally noticed as a "no asset" case in which a distribution later becomes possible; and (6) claims filed by creditors who received notice at a foreign address.

*In re Glawson*, 2013 Bankr.LEXIS 3654, *4–*5 (Bankr.M.D.Ga.2013) (emphasis added). "Bankruptcy Rule 3002(c) is thus an

---

1. Section 726 sets forth the order of distribution of estate property to claims in Chapter 7. Section 726(a)(3) provides for payment of most untimely general unsecured claims after the payment of timely filed claims. 11 U.S.C. § 726(a) provides in pertinent part as follows: (a) Except as provided in section 510 of this title, property of the estate shall be distributed—
(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title . . .
(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—
(A) timely filed under section 501(a) of this title;
(B) timely filed under section 501(b) or 501(c) of this title; or
(C) tardily filed under section 501(a) of this title, if—
(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
(ii) proof of such claim is filed in time to permit payment of such claim;
(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title other than a claim of the kind specified in paragraph (2)(C) of this subsection[.]
11 U.S.C. § 726(a)(1)–(3).

absolute bar to claims filed after 90 days where none of the exceptions set out therein are applicable." *In re Glow,* 111 B.R. 209 (Bankr.N.D.Ind.1990) (citations omitted). In this case, the Meeting of Creditors was scheduled for October 16, 2013, and the deadline to file a proof of claim for all creditors other than governmental entities was January 14, 2014. The Creditor filed the POC two days after the deadline on January 16, 2014. Moreover, none of the exceptions delineated in Federal Rule of Bankruptcy Procedure 3002(c) apply to the Creditor. As such, the POC filed by the Creditor must be disallowed under 11 U.S.C. § 502(b)(9) as untimely.

 Though the Creditor acknowledges the POC was filed late, it urges this Court to use its equitable powers under 11 U.S.C. § 105 and allow the POC, on the basis that the Plan provides for unsecured claims to be paid in full, the other unsecured creditors will not be prejudiced by the allowance of the POC, and the Debtor did not oppose the Creditor's filing of the POC. The Court, however, is not willing to exercise its equitable powers in such a manner because to do so would subvert the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. 11 U.S.C. § 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Though § 105 confers broad equitable powers upon the bankruptcy court, those powers are not without limit. *Architectural Bldg. Components v. McClarty (In re Foremost Mfg. Co.),* 137 F.3d 919, 924 (6th Cir.1998). The Supreme Court tells us that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988); *see also Rice v. United States (In re Rice),* 78 F.3d 1144, 1151 (6th Cir.1996).

The Court's equitable powers are limited to issuing orders "necessary or appropriate to carry out the provisions" of the Bankruptcy Code. Allowing the claim in this case would contravene the Code and is, therefore, outside the Court's power. Had Congress intended late filing claimants to participate in a Chapter 13 distribution, it could have crafted a Chapter 13 analog to § 726(a)(3), which in conjunction with § 502(b)(9), provides for allowance of late-filed claims in Chapter 7 and provides for distributions to such claims after payment of timely filed claims.

*In re Glawson,* 2013 Bankr.LEXIS 3654, *7–*8 (Bankr.M.D.2013) (citations omitted). In this case, the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure specifically provide for the disallowance of the POC based on its untimely filing, and none of the exceptions for allowing a late filed claim apply to the Creditor. The Creditor insists that because the Debtor did not object to the POC, the Court should allow same. This argument, however, ignores the fact that even though the Debtor did not object, the Trustee did; and once an objection to the POC has been interposed by a party in interest, the Court must follow the mandates of the Bankruptcy Code and the Rules. Therefore, the Court cannot exercise its equitable powers under § 105 to allow the POC because to do so would contravene the Bankruptcy Code and the Rules. Accordingly, the Objection must be sustained.

 The Creditor also argues that the Objection should be overruled because the Trustee lacks a purpose for objecting to the POC as required under 11 U.S.C. § 704(a)(5). A chapter 13 trustee "shall perform the duties specified in section[ ] ... 704(a)(5) ... [of the Bankruptcy

Code]." 11 U.S.C. § 1302(b)(1). 11 U.S.C. § 704(5) provides that "[t]he trustee shall if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper[.]" 11 U.S.C. § 704(a)(5). The Creditor, in this case, argues that lack of timeliness is not a purpose for objecting to the POC but instead is a reason. The Creditor, however, has provided no authority for the proposition that a chapter 13 trustee objecting to a proof of claim based on untimeliness lacks a purpose as contemplated by 11 U.S.C. § 704(5), or that the trustee is prohibited from objecting to an untimely claim unless he can articulate a purpose. Nor did the Court find any such authority.

The Creditor relies upon dictum in *In re Nwonwu*, 362 B.R. 705, 710 (Bankr. E.D.Va.2007), for the proposition that no purpose would be served by objecting to a proof of claim solely on untimeliness in a chapter 13 case when the plan is sufficiently funded. In *Nwonwu*, a chapter 13 debtor neglected to list a secured creditor in her bankruptcy case. As a result, the secured creditor did not receive notice of the debtor's bankruptcy case until after the deadline for filing a proof of claim had expired. The secured creditor filed a motion with the bankruptcy court requesting authority · to allow its late-filed secured claim. Neither the debtor nor the chapter 13 trustee in that case took a position regarding the creditor's request. The court, however, took the matter under advisement to determine whether a legal basis existed for granting the relief requested. After analyzing, *inter alia*, Federal Rules of Bankruptcy Procedure 3002(c) and 9006(b) and 11 U.S.C. § 502(b)(9), the court determined that the deadline for filing a proof of claim could not be extended in a chapter 13 case "even for an unlisted creditor that had no notice of the case...." *Nwonwu*, 362 B.R. at 706. The court further stated "that the trustee

may nevertheless pay the claim, even though tardy, if no party in interest (including the trustee) objects." *Nwonwu*, 362 B.R. at 706. In reaching this conclusion, the court noted the following:

> Finally, it is worth emphasizing that the claims bar date is not self-executing. That is, a claim filed after the claims bar date is not thereby deprived of its character as a claim but is simply subject to disallowance. Under the statutory scheme, a filed proof of claim "is deemed allowed" unless a party in interest objects. § 502(a), Bankruptcy Code. Among the grounds for disallowance are that "proof of such claim is not timely filed." § 502(b)(9), Bankruptcy Code. It could very well happen in a chapter 13 case, however, that no purpose would be served by objecting to a late-filed claim if the plan were sufficiently funded to pay it without affecting the payout to other creditors. Indeed, the debtor might prefer that such a claim be paid if the underlying liability was nondischargeable or if the claim was secured by a lien that, unless satisfied during the case, would remain at the conclusion of the plan. Accordingly, nothing in this opinion should be read as suggesting that a chapter 13 trustee is required to object to a late-filed claim or is prohibited (particularly after consulting with the debtor) from paying a late-filed claim if there is no prejudice to other creditors. Nor should this decision be read as precluding the debtor from proposing a modified plan that provides for payment · of the claim if that can be done without reducing the dividend to creditors who · have filed timely proofs of claim.

*Nwonwu*, 362 B.R. at 710.

The Creditor's reliance on *Nwonwu* is misplaced. First, the *Nwonwu* court ultimately concluded that the court did not have the authority to extend the deadline

for filing a proof of claim, which actually supports the Trustee's position in this case. And second, the court's statement regarding the possibility that "no purpose would be served by objecting to a late-filed claim ..." did not involve any analysis under 11 U.S.C § 704(a)(5) which is the statutory section upon which the Creditor relies for authority to overrule the Objection. In contrast, at least one court has found that pursuant to 11 U.S.C. § 1302(b)(1) and § 704(a)(5), "the chapter 13 trustee has a duty to object to claims filed after the deadline." *In re McLarry*, 273 B.R. 753, 754–755 (Bankr.S.D.Tex. 2002) (footnote omitted). The Trustee argues that he has had a consistent policy of objecting to untimely claims to ensure the orderly administration of the chapter 13 bankruptcy estate. Ensuring the proper administration of the estate clearly serves a purpose under 11 U.S.C. § 704(a)(5). This Court is not persuaded that an objection to a proof of claim filed by the chapter 13 trustee on the basis that the claim is untimely fails to serve a purpose under 11 U.S.C. § 704(a)(5).

Moreover, overruling the Trustee's objection and allowing the untimely POC would produce an anomalous result. Though the issue in this case does not involve a request for extension of time to act, the caselaw analyzing same is instructive. Within certain limitations, a court may extend a specified time period within which a party must act even after the deadline has expired for doing so "where the failure to act was the result of excusable neglect." Fed. R. Bank. P. 9006(b)(1). In considering a request to extend a deadline which asserts that miscalendaring the date constitutes excusable neglect, numerous courts have found to the contrary and held that miscalendaring a deadline does not constitute excusable neglect. *See In re Petuck*, 2013 Bankr.LEXIS 2019 (Bankr.D.N.H.2013); *see also Jones v.*

*Brown (In re Brown)*, 444 B.R. 173, 177 (S.D.Ind.2011) ("[A] calendaring error does not excuse Counsel's failure to comply with the adversary complaint deadline."). It would be anomalous to deny a motion for extension of time on the basis that the party requesting the extension fails to show excusable neglect in miscalendaring a deadline but then allow a late filed claim even though the reason for missing the deadline is the same (i.e., miscalendaring a deadline). Accordingly, it is

**ORDERED** that the Objection to Proof of Claim (Doc. #'41) filed by the Chapter 13 Trustee, Frank M. Pees, is sustained. It is further,

**ORDERED** that proof of claim number 19–1 filed by Heartland Bank as a general unsecured claim in the amount of $9,007.61 is hereby disallowed.

**IT IS SO ORDERED.**