# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 26-6003

_____

In re:  Richard N. Berkshire

Debtor

------------------------------

Richard N. Berkshire, also known as Richard Noble Berkshire

*Debtor - Appellant*

v.

Lauren R. Goodman

*Trustee - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Nebraska

_____

Submitted: April 24, 2026
Filed: June 1, 2026
[Published]

_____

Before CONSTANTINE, JONES, and KULM ASK, Bankruptcy Judges.

_____

PER CURIAM.

## BACKGROUND

Before the Bankruptcy Appellate Panel for the Eighth Circuit is Trustee-Appellee's Motion to Dismiss Appeal (the "Motion") with attached declaration of Trustee Lauren Goodman (the "Goodman Declaration"). On January 12, 2026, Debtor-Appellant ("Appellant") filed a notice of appeal on the docket of the United States Bankruptcy Court for the District of Nebraska. Appellant appeals an Order Granting Motion for Approval of Sale of Real Estate Free and Clear of Liens Pursuant to 11 U.S.C. Section 363 and Fed.R.Bankr.P. 6004 (the "Sale Order") entered on December 29, 2025.

The Motion and the Goodman Declaration filed by Trustee-Appellee ("Appellee") assert the sale of the disputed property closed on January 16, 2026, and is completed. No motion for stay appears on the docket of the bankruptcy court nor in this appeal between December 29, 2025, when the order approving sale was entered, and January 16, 2026, when Appellee states the sale was closed.

The Motion was filed on April 13, 2026, and the deadline to respond was April 20, 2026. *See* FED. R. BANKR. P. 8013(a)(3)(A). Appellant did not file a timely response to the Motion on or before April 20, 2026.[1]

---

[1] Appellant filed a late response on April 27, 2026, one week after the deadline, which the clerk refiled on April 28, 2026. The following day, Appellant filed a motion to allow filing out of time, seeking this Court's consideration of the late response filed in connection with the Motion. Appellant does not specifically argue that "excusable neglect" justifies the late filing, but that appears to be the relevant question before this Court. Appellant bears the burden of proof on this issue. *See In re Heyl*, 609 B.R. 194, 200 (B.A.P. 8th Cir. 2019). This Court considers "all relevant circumstances" in determining whether a late filing is justified. *Id.*; *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Mistake of law does not generally justify a late filing. *See, e.g.*, *In re Griggs*, 306 B.R. 660, 665 (Bankr. W.D. Mo. 2004); *In re Waggoner*, 157 B.R. 433, 436 (Bankr. E.D. Ark. 1993). Appellant's motion to allow filing out of time acknowledges the late response was the result of a "mistaken belief" about the response deadline. Appellant has not demonstrated circumstances that support an extension of the deadline. Therefore,

## ANALYSIS

The Eighth Circuit Court of Appeals refers to 11 U.S.C. § 363(m) as the "finality rule" which "protects the reasonable expectations of good faith third-party purchasers by preventing the overturning of a completed sale, absent a stay, and it safeguards the finality of the bankruptcy sale." *Humphrey v. Christopher*, 146 F.4th 682, 687 (8th Cir. 2025) (quoting *In re Trism, Inc.*, 328 F.3d 1003, 1006 (8th Cir. 2003)). The failure to obtain a stay of the authorized sale made the appeal "statutorily moot under § 363(m)" and "reversing or modifying the authorization to sell would affect the validity of the sale[.]" *Id.* at 687-8. "[A] sale in a bankruptcy case is not 'subject to modification by an appellate court unless the appellant receives a stay pending appeal.'" *In re Jackson*, 663 B.R. 738, 742 (B.A.P. 8th Cir. 2024) (quoting *Nieters v. Sevcik* (*In re Rodriquez*), 258 F.3d 757, 759 (8th Cir. 2001)). Appellant does not appear to have challenged the good faith of the purchaser, and the sale was completed without Appellant obtaining a stay pending the appeal.

## CONCLUSION

We see no reason to distinguish Appellant's appeal from the long-standing Eighth Circuit case law holding an appeal moot because a debtor failed to obtain a stay of a sale and the sale has been completed, as recently addressed by this Court. *Riffenburg v. Rice* (*In re Roper*), 674 B.R. 649, 654 (B.A.P. 8th Cir. 2025). Upon consideration of the Motion, 11 U.S.C. § 363(m), and a review of the record, the Motion is granted, and this appeal is dismissed as statutorily moot.[2]

———————————————————

the motion to allow filing out of time is denied and the late-filed response and Appellee's reply are not considered herein.

[2]With the dismissal of the appeal, the pending Motion to Strike from Record on Appeal filed by Appellee on March 30, 2026, and the pending Second Motion to Extend Time to File Appellee's Brief filed by Appellee on May 18, 2026, are moot.