In re Richard F. PECOVSKY, Debtor.

Richard F. Pecovsky, Plaintiff,

v.

United States Department of Treasury, Internal Revenue Service, Defendant.

Bankruptcy No. 1–96–02485. Adversary No. 1–97–00210A.

United States Bankruptcy Court, M.D. Pennsylvania.

Sept. 14, 1999.

Richard L. Bushman, Spring Run, PA, for debtor.

R. Scott Clarke, Tax Division, U.S. Department of Justice, Washington, DC, Anne K. Fiorenz, Assistant U.S. Attorney, Harrisburg, PA, for United States of America Department of Treasury, IRS.

Charles A. Bierbach, Huntingdon, PA, for the Estate.

### MEMORANDUM

ROBERT J. WOODSIDE, Chief Judge.

**Procedural and Factual History**

Before me is the Complaint of Richard F. Pecovsky (Debtor) to determine secured status of a claim of the Internal Revenue Service (IRS). Debtor also generally objects to the allowance of the claim filed by the IRS in his case. The facts giving rise to this matter are as follows.

Pre-petition, Debtor was the sole proprietor of an International House of Pancakes (IHOP) restaurant. This IHOP failed to pay tax liabilities to the IRS for tax years 1985 through 1991, inclusive. According to Debtor's schedules, the total amount of these liabilities was $765,076.34.

On September 16, 1996, Debtor filed the instant case as a Chapter 7. His Petition provided his social security number but not the employer identification number (EIN) of his IHOP. Debtor himself had no unpaid personal tax liabilities. In February, 1997, Debtor sought conversion of his

**532**

case to one in Chapter 13. By Order of February 10, 1997, the case was converted.[1] A claims bar date was set at June 25, 1997.

Debtor did not provide the IHOP's EIN on the notice of the commencement of the Chapter 13 case[2], nor was it contained on the Plan, the Plan summary, or the docket sheet. In accordance with its routine procedures, upon receipt of the notice, the IRS searched its computerized files against the listed social security number. Because the IHOP was not listed, the IRS search did not reveal the IHOP's delinquent tax debt. Therefore, the IRS filed no proof of claim within the bar date.

In or around July, 1997, Debtor's attorney contacted Assistant United States Attorney Anne Fiorenza to inquire as to why the IRS had not filed a proof of claim. In turn, Fiorenza contacted the IRS, which then performed further research and discovered the IHOP liabilities. The IRS immediately filed a proof of claim, in the amount of $1,449,404.46 for unpaid FICA and FUTA taxes, plus interest and penalties, of the IHOP.

The parties have stipulated that if the claim of the IRS is allowed, it is secured to the extent of $2,906.00, the value of Debtor's personal property. The parties also agree that if the claim is allowed, the case cannot proceed under Chapter 13, but must convert back to Chapter 7.

### Discussion

The issue drawn by the parties before me is whether the failure of the IRS to timely file a proof of claim is sufficient to deny allowability to the claim. Generally, however, a debtor is not entitled to a full judicial determination of the allowability of a claim where the debtor's schedules reveal that his debts exceed the eligibility limits set forth at 11 U.S.C. § 109(e) for Chapter 13 cases. *In re Barcal*, 213 B.R. 1008 (8th Cir. BAP 1997). *Thus the first issue is whether the case was properly commenced and may properly continue in Chapter 13 when the Debtor has listed debt well over the statutory limit for that Chapter.*

11 U.S.C. § 109(e) provides that Chapter 13 relief is limited to individuals who owe, on the date of the petition, noncontingent, liquidated and unsecured debts of less than $250,000.00. The calculation of the amount of total debt is made at the time of the filing of the Petition, not after the claims bar date has passed. *In re Lamar*, 111 B.R. 327 (D.Nev.1990). *Lamar* held that the failure of the IRS to timely file a proof of claim did not preclude the inclusion of the amount of the debtor's tax in calculating whether he exceeded the unsecured debt limitation on eligibility for Chapter 13 relief.

In the instant matter, the Debtor's schedules show that his debt to the IRS alone far exceeded the statutory limit. Therefore, the case should not have been converted to one in Chapter 13 in the first place.

Thus, I conclude that the case may not remain in Chapter 13, but must be reconverted to Chapter 7. Fed.R.Bankr.P. 1019 provides for a new claims bar date to be established upon conversion of a Chapter 13 to a Chapter 7, unless the original bar date in the original Chapter 7 case expired. The instant case, as originally filed in Chapter 7, was preliminarily determined to have been a "no asset" one. Therefore, no claims bar date was established for the case while in that Chapter. Should it later be determined that there are assets available for liquidation and distribution, a new claims bar date will be set.

1. By standing Order of October 19, 1989, a first-time order for conversion from Chapter 7 to Chapter 13 is considered a routine administrative order and is executed with a signature stamp.

2. The IRS did not receive notice of the commencement of the Chapter 7 case. However, it did receive notice of the commencement of the Chapter 13 case.

The parties have stipulated that, if the claim of the IRS is allowed, the case must convert to Chapter 7, and that the amount of the IRS secured claim is $2,906.00. Having determined that the case must convert to Chapter 7 regardless of the issue of the allowability of the IRS claim, and the parties having stipulated to the amount of the secured claim, the determination as to secured status which is requested in the instant complaint is resolved according to the stipulation, and I need not address it further.

■ At this juncture, I will also note for the benefit of the parties that, had the debt to the IRS been an amount within the statutory limitations of Chapter 13, I would have held that the notice to the IRS was deficient, and that a late filed proof of claim would have been allowable pursuant to my equitable authority under 11 U.S.C. § 105(a).[3]

11 U.S.C. § 342(c) requires that the notice of the order for relief "shall contain the ... taxpayer identification number of the debtor". Collier on Bankruptcy provides the following commentary on the scope of the § 342(c) notice requirement.

> The subsection requires the debtor to include in notices the debtor's taxpayer identification number. Literally speaking, most individuals debtors do not have taxpayer identification numbers. The legislative history suggests that the notice could then include a social security number, but the statute itself does not contain that alternative. The situation would be particularly confusing for a debtor who had both a taxpayer identification number and a social security number. Presumably, in view of the language of the statute, the former should be used.

*Collier on Bankruptcy,* ¶ *342.01[1]* *(Fifteenth Ed. Revised).*

In *In re Anderson,* 159 B.R. 830 (Bankr. N.D.Ill.1993), a Chapter 13 debtor failed to list the name or tax number of his former business in his Petition. The debtor scheduled the Illinois Department of Revenue (IDR), and IDR filed a claim for Anderson's personal tax debts, but not those of his business. When, after the bar date, IDR learned of the nexus between the debtor and the business, it filed a claim, to which the debtor objected as untimely. *Anderson* held that while it could not, under Fed.R.Bankr.P. 3002(c)(1), grant the IDR an extension, it could do so under 11 U.S.C. § 105(a) because the IDR had not received "adequate" notice of the Petition. *Id.,* at 838. The court based its decision on two premises: 1) that a debtor must ensure that all creditors have adequate notice of a Petition; and 2) that, with regard to government entities, such notice must satisfy concepts of fundamental fairness. *Id.,* at 837–838. The court found the notice inadequate because the debtor could not claim that the omission of the EIN was one born of ignorance, and that such omission was "significant" for fundamental fairness purposes. *Id.,* at 838.

■ Similarly, in this case, Debtor was responsible to ensure that the IRS had adequate notice of his Petition. I would find "adequacy" to be lacking where the source of the tax liabilities is omitted even if the amount of them is listed. "Due process requires notice that ... reasonably conveys *all of the required information,* and permits a reasonable amount of time for response.' " *Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.),* 863 F.2d 393, 396 (5th Cir.1989), *cert. denied,* 493 U.S. 811, 110 S.Ct. 55, 107 L.Ed.2d 24 (1989) (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 318, 70 S.Ct. 652, 94 L.Ed. 865 (1950)) (emphasis added). Put another

---

**3.** The use of § 105 to allow a late-filed claim in a Chapter 13 case has been affirmed by at least one Circuit. *In re Unroe,* 937 F.2d 346 (9th Cir.1991) ("[e]quitable jurisdiction to permit amendments out-of-time does not conflict with, but rather fulfills, the statutory backdrop for bankruptcy.")

way, in a case where person does not know or have reasonable cause to believe that it has right which could be affected by bankruptcy, mere knowledge of the bankruptcy is not the kind of actual and timely notice necessary to expect such person to exercise due diligence to preserve that unknown right; such person would not have been afforded fundamental due process. *In re Fishgold*, 206 B.R. 50 (Bankr. W.D.N.Y.1997).

As I initially stated, however, I conclude that the case must be re-converted to one in Chapter 7, and that such re-conversion renders moot the issue of allowability of the claim.